ON APPLICATION FOR REHEARING
This court withdraws its original opinion and ruling on application for rehearing, and the case is reconsidered ex mero motu in light of Ex parte Clayton, 552 So.2d 152 (Ala. 1989). *Page 1037 
These consolidated cases involve an interpretation of the Fair Dismissal Act, §§ 36-26-100, et seq., Ala. Code 1975.
Uwakolam and Williams (appellants) were dismissed from employment by the Huntsville City Board of Education (appellee), hereinafter Board. They brought suit in Circuit Court of Madison County alleging improper dismissal in violation of the Fair Dismissal Act (Act). The circuit court rendered judgment in favor of the Board. Employees appeal. We affirm.
The appellants, in the main, contend that they worked for three "school years" and should, therefore, be deemed nonprobationary employees.
Uwakolam was employed by the Board from August 30, 1984, until July 2, 1987.
Williams was employed by the Board on two separate occasions; April 26, 1983, until January 10, 1984, and again from October 1, 1985, until July 2, 1987. Both appellants were full-time employees as defined by § 36-26-100, and both received written notice of termination on June 17, 1987.
The trial court determined that both appellants were probationary employees as defined in § 36-26-101 of the Act, and not nonprobationary employees under § 36-26-102, and therefore, were not entitled to certain procedures provided for nonprobationary employees before their dismissal. We agree.
Therefore, the dispositive issue on appeal is the interpretation of the term "years" contained in § 36-26-101 of the Act.
The pertinent part of the Act is as follows:
 "§ 36-26-101. Probationary period; notice of termination.
 "(a) All employees as defined in section 36-26-100 shall be deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment, or a lesser period which may be fixed by the employing authority.
 "(b) During said probationary period, the employing authority shall cause the employee's performance to be evaluated.
 "(c) At any time during the employee's probationary period, the employing authority may remove an employee by furnishing said employee written notification at least 15 days prior to the effective day of termination. (Acts 1983, No. 83-644, p. 1004, § 2)."
When the court is called upon to construe a statute, the court has a duty to ascertain and effectuate the legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Ex parte Holladay, 466 So.2d 956
(Ala. 1985).
To determine the intended meaning of the word "years" we refer to § 1-1-1(16):
 "Section 1-1-1. Meaning of certain words and terms.
 "The following words, whenever they appear in this Code, shall have the signification attached to them in this section unless otherwise apparent from the context:
". . . .
 "(16) YEAR. The word 'year' means a calendar year; but, whenever the word 'year' is used in reference to any appropriations for the payment of money out of the treasury, it shall mean fiscal year."
We are of the opinion that the legislature intended the language "three years" contained in § 36-26-101(a) to meanthree calendar years. It is the duty of this court to give effect to legislative intent as expressed in the words of the statute. Alabama Real Estate Commission v. Bischoff,447 So.2d 737 (Ala.Civ.App. 1983).
The intended meaning becomes clearer when § 36-26-101 is readin pari materia with other sections of the Code that expound the use of the word "year" or "years", e.g., § 16-24-2
designates "year" to mean school year; § 16-8-26.1(c), dealing with the appropriation of money, uses "year" to mean fiscal year, etc. In construing the word "years" in the case at bar, there is no apparent reason for us to consider that "year" means anything other than calendar year. *Page 1038 
The employees dealt with under §§ 36-26-100, et seq., are nonteachers employed year round; therefore, unless the legislature chooses to give the word "years" a contrary meaning we must infer that it intended three years to mean three calendar years. Legislative language which is clear and deliberately used is conclusive upon the court in regard to its meaning. Geter v. United States Steel Corp., 264 Ala. 94,84 So.2d 770 (Ala. 1956). Where statutory language is plain and unambiguous, no room exists for judicial construction, and this court must enforce the statute as written. Marshall CountyPersonnel Board v. Marshall County, 507 So.2d 954
(Ala.Civ.App. 1987).
The record reveals that Uwakolam was not employed three calendar years. Therefore, we agree with the trial court's classification of Uwakolam as a probationary employee with proper written notification of termination. If the legislature intended a different result, it is a matter to be reconciled by amendment.
In ascertaining Williams's status we need only look to the actual length of time employed, 30 months, and to the record, which reflects that the parties stipulated to the fact that she was employed less than three calendar years; thus she has been appropriately classified as a probationary employee and has been given proper written notice of termination as provided for in the statute.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED.
APPLICATION FOR REHEARING OVERRULED.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.