ADAMS, Justice.
Robert Warden was incarcerated at Limestone Correctional Facility. He claims that in February 1989, someone broke into his “locker box,” as he called it, and stole one pair of Puma tennis shoes, a tube of toothpaste, five bars of soap, six packages of tobacco, two packages of coffee, four packages of cookies, and a bottle of Vaseline “intensive care” lotion. Warden estimates the value of that property at $75. After the alleged theft, Warden, pro se, filed an action against Morris Thigpen, as commissioner of the Alabama Department of Corrections; J.D. White, as warden; W.S. Sticker, as assistant warden; Harold McCray; and Britt Hendon. He sought $5,000 in compensatory damages and $5,000 in punitive damages from each defendant, as well as injunctive relief “to insure the safety of the plaintiff,” apparently from the alleged thieves, whoever they are. The trial court dismissed his complaint, and he appeals from that judgment.
Warden does not allege that the defendants actually stole the property. As a matter of fact, Warden does not state a cause of action upon which relief can be granted, even under our liberal pleading standards. Also, ordinarily state officials enjoy a form of immunity from suit. It, therefore, is incumbent upon the plaintiff in a suit against state officials to state facts that take them out from under their cloak of immunity. See Hickman v. Dothan City Board of Education, 421 So.2d 1257 (Ala.1982); Unzicker v. State, 346 So.2d 931 (Ala.1977). Warden did not do so.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.