Michael W. Harris, a nontenured teacher employed by the Florence City Board of Education, filed a complaint in Lauderdale County Circuit Court based on the nonrenewal of his contract. In his complaint, Harris alleged that the board arbitrarily and capriciously terminated his employment in violation of the state constitution, the board's own policy and practice, the intent of the tenure laws, and public policy. *Page 828 
The complaint further averred that, because of the nonrenewal, he has "suffered injury to his person and reputation and suffered other damages, including loss of income, emotional distress, and humiliation." The board filed a Rule 12(b)(6), Alabama Rules of Civil Procedure, motion to dismiss, which the trial court granted. Harris appeals and asserts that the trial court erred in summarily dismissing the complaint.
The only pleadings consist of the complaint and the motion to dismiss. The motion was not treated as a motion for summary judgment with all parties given an opportunity to present all pertinent material. Therefore, we must test the trial court's action under the standard of review applicable to a dismissal under Rule 12(b)(6). Roberts v. Meeks, 397 So.2d 111 (Ala. 1981).
A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief under some cognizable theory of law. Rice v. United Insurance Co., 465 So.2d 1100 (Ala. 1984). When reviewing a motion to dismiss for failure to state a claim, we must resolve all doubts in favor of the plaintiff.Whitehead v. Hester, 512 So.2d 1297 (Ala. 1987). In our review we do not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim whereby he may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669 (Ala. 1985).
Ordinarily under Alabama law a nontenured teacher has no right, statutory or otherwise, to be reemployed. Foster v.Blount County Board of Education, 340 So.2d 751 (Ala. 1976). However, if the teacher can prove that the reason given for the nonrenewal stigmatizes him within the community, injures his prospects for future employment, deprives him of his "liberty or property" interests, or is predicated on the exercise of his first and fourteenth amendment rights, then he may be entitled to relief. Foster, supra.
Applying the standard of review to the scant record before us, we find that it does not appear that Harris could not recover under any set of facts or any cognizable theory of law. Harris specifically complained that, because of the reason for the nonrenewal, his reputation has been damaged. We find that this allegation alone entitles Harris to have the opportunity to present evidence in the trial court in an attempt to substantiate his claim.
The complaint is sufficient to withstand a Rule 12(b)(6) motion, and the matter should be heard upon its merits. We have no alternative but to reverse and remand.
REVERSED AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.