ROBERTSON, Judge.
This case involves the granting of a motion to dismiss.
James Michael Floyd initiated this action by filing a complaint against the Cullman County Board of Education and Jim Boyd, individually and in his official capacity as superintendent of that board. Floyd alleged that although he applied for the position of principal of Jones Chapel School, a position for which he was certified, a non-certified person was hired. Floyd claims that the defendants breached his contract, violated State Board of Education regulations, and violated his constitutional rights as a result of nepotism. Floyd claimed that he was damaged as a result of this and requested that he be awarded monetary damages and be awarded the principal position. Boyd and the Commission filed motions to dismiss pursuant to Rule 12(b)(6), Alabama Rules of Civil Procedure. Floyd subsequently amended his complaint to change the name of a defendant to the Cullman County Commission on Education (Commission) and seeking additional relief. No response was filed to the amended complaint.
After hearing oral argument on the original motions to dismiss, the trial court granted both motions, finding that “the complaint as a whole does not state a claim in sufficient detail so that the court can see that there is some legal basis for recovery against either defendant.” Floyd appeals.
The dispositive issue is whether dismissal was proper.
Floyd contends that he set out several claims upon which relief could have been granted and that he should have been allowed to proceed to discovery and ultimately to trial. He first contends that the Commission breached its contract by failing to follow its own hiring policies and by failing to adhere to the implied covenant of good faith and fair dealing. Floyd also contends that he may recover against the Commission under theories of violation of his constitutional rights and/or for violating the public policies concerning anti-nepotism, conflict of interest, and teacher certification requirements.
The law regarding a motion to dismiss pursuant to Rule 12(b)(6), A.R.Civ.P., is well settled. We do not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim whereby he may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669 (Ala.1985). Further, all doubts concerning the sufficiency of the complaint must be resolved in favor of the plaintiff. Fontenot. A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief under some cognizable theory of law. Rice v. United Insurance Co., 465 So.2d 1100 (Ala.1984).
This court’s recent decision in Harris v. Florence City Board of Education, 568 So.2d 827 (Ala.Civ.App.1990), addressed a similarly granted Rule 12(b)(6) motion and reversed the trial court.
In this instance, we also find that the complaint is sufficient to withstand a Rule 12(b)(6) motion and that dismissal was improper.
Consequently, we reverse and remand.
REVERSED AND REMANDED.
RUSSELL, J., concurs.
INGRAM, P.J., not sitting.