TYSON, Judge.
John Albert Manning appeals from the denial of a petition seeking post-conviction relief under Rule 20, A.R.Crim.P.Temp. The circuit court in the instant cause conducted an evidentiary hearing and then entered its order denying the appellant’s petition. The order in question reads as follows:
“ORDER ON DEFENDANT’S RULE 20 PETITION
“FOR RELIEF FROM CONVICTION
“On Wednesday, October 24, 1990, the court conducted a hearing on the de *121 fendant’s petition for relief from conviction, with the defendant present in court. After studying the petition, the court asked the defendant whether he had anything further to offer or to request relating to the petition, and the defendant replied that he had not.
“On consideration, the court finds and holds that some of the defendant’s grounds are facially invalid and the rest were available to the defendant upon his direct appeal and were either decided adversely to the defendant in the direct appeal or were waived by the defendant’s not raising them in the direct appeal.
“Accordingly, the defendant’s petition is DENIED.
“Done on this 25th day of October, 1990.
“/s/ Douglas Johnstone, Judge
“cc: Mr. John Albert Manning
“The Mobile County Jail
“The Honorable John White
“Assistant District Attorney”
The appellant averred in his petition that he was denied the effective assistance of counsel at the time of his original trial because of certain issues that his attorney allegedly failed to assert. The appellant was initially tried and convicted of burglary in the second degree, having previously entered a not guilty plea at arraignment. It was directed that he be sentenced to a term of life imprisonment as a habitual felony offender and be given for credit for five days spent in jail prior to trial.
The appellant then appealed to this court which affirmed his cause in an opinion dated March 16, 1990. Manning v. State, 568 So.2d 827 (Ala.Crim.App.1990). Rehearing was denied by this court on April 27, 1990 and certiorari was denied by the Supreme Court of Alabama on August 31, 1990.
The appellant essentially averred five grounds as the basis for his alleged ineffective assistance of trial counsel claim.
As ground one, the appellant contends that the arresting complaint was sworn out by Kenneth E. Watts, who was not the arresting officer and who the appellant avers did not take part in the investigation of the alleged burglary.
As ground two, the appellant contends that the magistrate who issued the warrant did not properly examine Kenneth E. Watts and that the affidavit did not properly set forth probable cause.
As ground three, the appellant contends that trial counsel should have moved to exclude the State’s evidence on the basis that the indictment averred that Lee Christian Moody was the owner of the occupied dwelling, but proof at trial showed that Charles Moody was the owner of the dwelling.
As ground four, the appellant contends that he was denied effective assistance at trial in that he was not allowed to confront and cross-examine Kenneth E. Watts who had sworn out the complaint in the arrest warrant against this appellant for the alleged first degree burglary.
As ground five, the appellant avers that he was denied the effective assistance of counsel at trial because when the State introduced his alleged prior convictions, one was from the State of Louisiana and was not properly authenticated as required by Alabama law.
This court has carefully examined this record and the allegations made in the trial court. We do not agree with the attorney general’s suggestion that this cause should be remanded to the circuit court for further findings by the trial judge. We are of the opinion that when the trial judge’s order in this cause, which is hereinabove quoted, is read with the prior opinion of this court in the matter, the trial judge’s order is correct.
For the reasons shown, this cause is due to be and the sáme is hereby affirmed.
AFFIRMED.
All the Judges concur.