YATES, Judge.
John F. Simmons sued the Birmingham Board of Education in the Circuit Court of Jefferson County on November 6,1991, seeking a declaratory judgment to determine whether his dismissal from his job as a custodial helper was proper. On January 15, 1993, the Board moved for summary judgment. The court held a hearing on March 4, 1993, and on March 22, 1993, it entered a summary judgment for the Board, upholding Simmons’s termination. Simmons appeals.
Simmons was employed at Woodlawn High School under a written contract from February 21, 1990, until he was dismissed by the Board on August 13, 1991. The notification of dismissal, sent to Simmons by letter dated August 26, 1991, stated: “This letter serves as official notification of the termination of your employment with the Birmingham Board of Education. The effective date of termination shall be fifteen (15) days after receipt of this letter.” A memo dated July 17,1991, from the school principal to a Board employee, stated:
“Attached is a copy of [Simmons’s] sign-in card. [Simmons] was not at work on July 5, 8, and 10, 1991, yet, [Simmons] signed in on these days. This is the second time this has occurred this summer (June 17th) [sic]. In fact, Mrs. Vivian Drake was at Woodlawn and can attest to this. Therefore, I am requesting that *817 [Simmons] be terminated as a custodial helper at Woodlawn High School.”
From the record, it appears that this memo was part of Simmons’s personnel file and was not published to Simmons or anyone else outside the Board and that the personnel file is not open to the public. The Board deducted three days’ pay from Simmons’s salary because of the allegations made in the July 17 memo.
Simmons claims that his dismissal and the salary deduction were improper under the Constitution of Alabama 1901, Art. I, § 13; under board policy number 4070; and under the Fair Dismissal Act. Specifically, he contends that a “stigmatizing” reason was given for his dismissal and that the salary deduction constituted a “taking” of his property. We have considered board policy number 4070 and we find it to be inapplicable. The dispositive issue is whether the summary judgment was properly entered.
First, we address the issue of Simmons’s dismissal. The record shows that Simmons was a probationary employee. His employment fell within the definition of “employee” under Ala.Code 1975, § 36-26-100, which states: “The term ‘employees,’ ... is deemed to mean and include all persons employed by county and city boards of education ... who are so employed as ... custodians....” Ala.Code 1975, § 36-26-101, sets forth the procedure for terminating the employment of a probationary employee:
“(a) All employees as defined in section 36-26-100 shall be deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment, or a lesser period which may be fixed by the employing authority.
[[Image here]]
“(c) At any time during the employee’s probationary period, the employing authority may remove an employee by furnishing said employee written notification at least 15 days prior to the effective day of termination.”
As a probationary employee governed by the above statutes, Simmons was not entitled to certain procedural due process rights before dismissal. Uwakolam v. Huntsville City Board of Education, 554 So.2d 1036 (Ala.Civ.App.1989).
Simmons cites Foster v. Blount County Board of Education, 340 So.2d 751 (Ala.1976), and Harris v. Florence City Board of Education, 568 So.2d 827 (Ala.Civ.App.1990), for the proposition that “there are instances wherein probationary employees are entitled to hearings prior to discharge.” These cases state that the employee may be entitled to procedural due process if a stigmatizing reason is given for the termination, or if the reason given impairs the employee’s prospects for future employment. Foster, supra.
We find these cases inapplicable to the present facts and agree with the Board that because the July 17 memo was contained only in Simmons’s confidential personnel file, there was no publication to a third party. Derogatory information regarding reasons for termination, placed in confidential files, cannot be considered communication to the public. Ortwein v. Mackey, 511 F.2d 696 (5th Cir.1975).
We next address the issue regarding Simmons’s salary deduction. The record contained both a signed document and deposition testimony of Gerald Russell, another custodian at Woodlawn, stating that he could verify that Simmons was at work on the days in question. Further, the record contained Simmons’s “hourly rate card,” which indicated that he was present on those days.
A summary judgment is properly entered where the trial court has determined: (1) that no genuine issue of material fact exists; and (2) that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. Woodruff v. Leighton Avenue Office Plaza Ltd., 622 So.2d 304 (Ala.1993). The evidence on which the summary judgment was based must be viewed by this court in a light most favorable to Simmons, the nonmovant. Id. In order to defeat a properly supported summary judgment motion, the nonmovant must present “substantial evidence” that creates a genuine issue of material fact. Ala.Code 1975, § 12-21-12; Rule 56; Woodruff.
*818 We conclude that, as to the issue of Simmons’s dismissal, the summary judgment was proper. However, as to the issue of the salary deduction, we conclude that there was sufficient conflicting evidence to create a genuine issue of material fact and thereby defeat the summary judgment motion. Therefore, we affirm in part and reverse in part, and remand this cause to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.