The petitioners, Dr. Lynda Craft, former interim president of Ayers State Technical College; Dr. Fred Gainous, chancellor of the Department of Post-Secondary Education; and Ayers State Technical College, are the remaining defendants[1] in a wrongful-termination action filed by Spencer Tracy Trussell in the Calhoun Circuit Court. The circuit court denied these defendants' motions for summary judgment and ordered the parties to proceed with "discovery, settlement negotiations, or any other action necessary to dispose of this proceeding." These defendants petitioned the Court of Civil Appeals for a writ of mandamus directing the circuit court to enter a judgment for them based on their defense of immunity. The Court of Civil Appeals, on April 28, 1998, denied the petition, without an opinion. Ex parteCraft, (No. 2970794) ___ So.2d ___ (Ala.Civ.App. 1998) (table). They now have filed a similar petition in this Court. See Rule 21, Ala. R. App. P.
In May 1992, Dr. Pierce Cain, then president of Ayers State, appointed Trussell as interim dean of instruction. The appointment was approved by Chancellor Gainous. Cain testified that, during his tenure as president, administrative employees and staff members were employed for a specified number of months, not to exceed one year,[2] and that these employment agreements were not reduced to written contracts.
Trussell and Craft were two of the three people who applied for the permanent position of dean of instruction. On April 2, 1993, President Cain appointed Trussell as dean of instruction, effective May 1, 1993. With regard to this appointment, Cain testified that he did not remember entering into a contract with Trussell and that he had no further employment discussions with Trussell. Cain retired in May 1994, and Craft was appointed interim president of Ayers State, effective June 1, 1994. Craft testified that after she was appointed interim president, she had no *Page 57 
conversations with Trussell about his employment.
On March 24, 1995, Craft, with the approval of Gainous, wrote the following letter to Trussell: "This is to notify you that your employment at Ayres State Technical College as Dean of Instruction shall not continue beyond April 30, 1995. You are hereby placed on administrative leave with full pay and benefits effective March 27, 1995." Trussell claimed that Craft required him to vacate his office during business hours on a school day, Friday, March 24. This action, according to Trussell, was taken deliberately to humiliate him, because the following Monday was the beginning of spring break and on that date he could have cleared out his office with no students, faculty members, or other persons present.
On March 27, 1995, in compliance with school procedures, Trussell filed a letter of complaint. On April 10, 1995, Craft wrote a second letter to Trussell, in which she stated:
 "I am in receipt of your letter of March 27, 1995, regarding the nonrenewal of your employment with Ayers State Technical College. According to college records, your employment at Ayers began on May 1, 1992. Thus, you are a probationary employee. Under State Board of Education Policy Number 619.01, probationary employees are entitled to be given cause for termination and an opportunity for a hearing only when their employment is terminated within the period of a contract. A search of our records reveals the absence of a written contract for your employment. Under Board policy and state law, I am required to provide you with written notice fifteen (15) days prior to the termination of your employment. You have received appropriate notice. There is no appeal, and you are not entitled to a hearing."
Craft and Phillip Bain, director of business affairs at Ayers State, gave affidavits to the effect that it was the policy at Ayers State not to enter into contracts with administrative employees until after the 36-month probationary period. Therefore, reasoned Craft, Trussell was at all times during his employment at Ayers State a probationary employee and was not under contract within the meaning of Policy No. 619.01.
Trussell, in his amended complaint "for declaratory judgment and additional relief," alleged 1) that he had been wrongfully terminated from his position at Ayers State for personal and political reasons and without just cause; 2) that Craft had deliberately acted to humiliate him; 3) that Craft had acted arbitrarily and capriciously and had exceeded the scope of her authority as interim president of Ayers State; 4) that the defendants had breached an employment contract with him; 5) that he had been deprived of his interest in his employment without an opportunity to be heard before being terminated; and 6) that the defendants were under an affirmative duty to provide him a hearing before terminating his employment.
The amended complaint sought: 1) a declaration that the defendants' actions violated Trussell's employment contract and the provisions of the Alabama College System Policy Manual; 2) a declaration that terminating Trussell without a hearing violated Trussell's right to due process; 3) an order directing the defendants to reinstate Trussell at Ayers State; 4) a declaration that Trussell had achieved tenured status; and 5) "such other relief as the court deems just."
Craft, Gainous, and Ayers State filed motions to dismiss and motions for summary judgment, raising several affirmative defenses, including absolute and qualified immunity. In her supporting affidavit, Craft stated:
 "I was interim president of Ayers State Technical College from June 1, 1994, to July 31, 1995. During my tenure, I sent a letter of termination to Spencer Tracy Trussell in compliance with [Ala. Code 1975, § 36-26-101] and Alabama Department of Postsecondary Education/State Board Policy 619.01:13.1.
 "Since Mr. Trussell had neither a contract nor state tenure, he was considered a probationary employee pursuant to state law (Code of Alabama § 36-26-101) and state board policy 619.01:13.1; he was, therefore, given a 15-day written notice. It was Ayers's policy that contracts not be given to any administrator. Each employee *Page 58 
receives an open-ended letter of appointment, which means that the employee could be terminated anytime during the probationary period (36 months). I followed all pertinent procedures in the dismissal of Mr. Spencer Tracy Trussell as was approved by the Chancellor of the Alabama Department of Postsecondary Education. Mr. Trussell did not have three years of continuous service at Ayers State Technical College. He, therefore, was a probationary employee at Ayers.
 "It is the procedure of the Alabama Department of Postsecondary Education that, in the event of an employee dismissal, the dismissed employee shall: 1) take all personal property from the premises; 2) leave all school property; 3) turn in all school keys. Mr. Trussell's termination was carried out accordingly."
The trial court denied the defendants' motions, and the Court of Civil Appeals denied the defendants' petition for the writ of mandamus.
 I. Claims against Ayers State Technical College "Under Article 1, § 14, Alabama Constitution of 1901, `the State and its agencies have absolute immunity from suit in any court.' Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989); see also Taylor v. Troy State University, 437 So.2d 472, 474 (Ala. 1983). `This immunity extends to the state's institutions of higher learning.' Taylor, 437 So.2d at 474; see Breazeale v. Board of Trustees of the University of South Alabama, 575 So.2d 1126, 1128
(Ala.Civ.App. 1991)."
Williams v. John C. Calhoun Community College, 646 So.2d 1, 2
(Ala. 1994). See also Shoals Community College v. Colagross,674 So.2d 1311 (Ala.Civ.App. 1995), cert. denied, 674 So.2d 1315
(Ala. 1996).
Ayers State Technical College is a state institution of higher learning and is entitled to absolute immunity; therefore, the trial court erred in denying its motion to dismiss and its motion for summary judgment.
 II. Claims against Craft and Gainous "`State officials and employees, in their official capacities and individually, are also absolutely immune from suit when the action is, in effect, one against the state.' Phillips v. Thomas, 555 So.2d [81] at 83 [(Ala. 1989)]; see Taylor v. Troy State University, 437 So.2d [472] at 474 [(Ala. 1983)]. . . .
 ". . . This Court has recognized four categories of actions that do not come within the prohibition of § 14:
 "`(1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgment Act seeking construction of a statute and its application in a given situation. Gunter v. Beasley, 414 So.2d 41 (Ala. 1982); Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971).'
". . . .
". . . .
 "`In determining whether an action against a state officer or employee is, in fact, one against the State, this Court will consider such factors as the nature of the action and the relief sought.' Phillips v. Thomas, 555 So.2d at 83. An action against State officers or employees in their official or individual capacity that would directly affect a contract or property right of the State is prohibited by § 14. Stark v. Troy State University, 514 So.2d 46, 51
(Ala. 1987); Gunter v. Beasley, 414 So.2d 41 (Ala. 1982)."
Williams v. John C. Calhoun Community, 646 So.2d at 2-3.
 "We have held that in determining whether an employee makes difficult decisions and exercises discretion `the courts must focus on the process employed to arrive at the decision.' Smith v. Arnold, 564 So.2d 873, 876 (Ala. 1990). Courts must make this assessment on a case-by-case basis. Grant v. Davis, 537 So.2d 7, 8
(Ala. 1988).
". . . .
 " . . . The decision whether or not to retain [an employee] also requires the use of discretion. See Hickman v. Dothan *Page 59 City Bd. of Educ., 421 So.2d 1257 (Ala. 1982) (holding that the decision not to retain a teacher for the next school year was a discretionary function for which the defendants possessed qualified immunity).
". . . .
 "The defense of qualified immunity does not apply to allegations of bad faith and fraud; likewise, it does not apply to actions against state officials in their official capacity based on acts committed beyond their authority."
Nance v. Matthews, 622 So.2d 297, 300-02 (Ala. 1993). See, also,Spring Hill Lighting Supply Co. v. Square D Co., 662 So.2d 1141
(Ala. 1995); DeStafney v. University of Alabama 413 So.2d 391
(Ala. 1981).
Whether the doctrine of qualified immunity applies, that is, whether a defendant is engaged in a discretionary function and is therefore immune from liability, is a question of law that is determined by the trial court on a case-by-case basis. Ex parteAlabama Dep't of Forensic Sciences, 709 So.2d 455 (Ala. 1997);McDuffie v. Roscoe, 679 So.2d 641 (Ala. 1996); Barnes v. Dale,530 So.2d 770 (Ala. 1988).
"It . . . is incumbent upon the plaintiff in a suit against state officials to state facts that take them out from under their cloak of immunity," Warden v. Thigpen, 563 So.2d 1021, 1022
(Ala. 1990). "Exposure to liability for such decisions, which are made on the State's behalf, would unduly hamper the decision-making process and impose undesirable shackles on the agencies of government." Smith v. Arnold 564 So.2d 873, 876
(Ala. 1990). See, also, Turner v. Sayers, 575 So.2d 1135
(Ala.Civ.App. 1991).
On April 30, 1995, the effective date of Trussell's termination, his period of service at Ayers totaled 2 years and 11 months; thus, Trussell was a probationary employee at the time of his termination. Section 36-26-101 provides:
 "(a) All employees defined in section 36 26-100 [including nonteacher employees of two-year state colleges] shall be deemed employed on a probationary status for a period not to exceed three years[3] from the date of his or her initial employment, or a lesser period which may be fixed by the employing authority.
 "(b) During said probationary period, the employing authority shall cause the employee's performance to be evaluated.
 "(c) At any time during the employee's probationary period, the employing authority may remove an employee by furnishing said employee written notification at least 15 days prior to the effective date of termination."
The Alabama College System Policy Manual, Policy No. 619.01, "Revised Hearing Procedure," provides:
"3.1 Probationary Period
 "3.11 All employees as defined in subsection 1.12 of these regulations shall be deemed employed on a probationary status for a period of three years from the date of his or her initial employment.
 "3.12 During said probationary period, the employing authority shall cause the employee's performance to be evaluated.
 "3.13 With respect to any full-time employee under contract, at any time during such employee's probationary period, the employing authority may remove an employee by furnishing said employee written notification at least fifteen (15) calendar days prior to the effective date of termination.
 "3.14 If a probationary employee under contract is terminated within the period of a contract, the employee is entitled to be given cause and the opportunity for a hearing under these hearing procedures adopted by the State Board of Education. Employment agreements shall be offered for either 3, 9, or 12 months. If 15 calendar days prior to the end of the contract period the person is not notified in writing that his or her services will *Page 60 
no longer be required, [the person] shall be offered another employment agreement for the same length as the prior contract unless otherwise agreed to by the president and the employee."
Trussell claims that he was deprived of a property right without due process of law — the balance of his "contract" with Ayers State which, according to Trussell, was not scheduled to end until August 31, 1995 (the end of the school year at Ayers State). This claim is without merit. Trussell's employment at Ayers State began on May 1, 1992, when he was appointed interim dean of instruction; therefore, each succeeding year of employment at Ayers State ran from May 1 through April 30 of the calendar year. Uwakolam v. Huntsville City Board of Education,554 So.2d 1036 (Ala.Civ.App. 1989) (holding that the statutory phrase "three years" means three calendar years). "Probationary employees do not possess property rights in their employment and are, therefore, not entitled to due process rights to safeguard their jobs." Gainous v. Tibbets, 672 So.2d 800, 805
(Ala.Civ.App. 1995). Further, in Simmons v. Birmingham Board of Education,641 So.2d 816 (Ala.Civ.App. 1994), the Court of Civil Appeals, interpreting and applying the "Fair Dismissal Act," Ala. Code 1975, §§ 36-26-100 to -108, held that the plaintiff, as a probationary employee, was not entitled to certain procedural-due-process rights before being dismissed. As a probationary employee, Trussell had no valid expectation of continued employment during the probationary period.
"It is well settled that property interests `are created and their dimensions are defined by existing rules or understandings that stem from all independent source such as state law.' Boardof Regents of State Colleges v. Roth, 408 U.S. 564, 577,92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). . . . Therefore, this Court determines whether a property right exists, according, to state laws and regulations." Brock v. DeBray, 679 So.2d 673, 676 (Ala. 1996).
Trussell's arguments depend principally upon his assertion that he was under contract and, thus, that his employment could not be terminated before the end of the contract period[4] without cause and a hearing. However, he offers no evidence of a written contract. The defendants presented evidence indicating that Trussell was appointed, by a letter of appointment, to the position of interim dean of instruction effective May 1, 1992, and, by another letter of appointment, to the position of dean of instruction effective May 1, 1993. Neither of these documents constitutes a contract of employment for a specified time, and the parties presented no other evidence of such a contract. Thus, under § 36-26-101(c), Trussell's employment was subject to termination after 15 days' notice. He was given 37 days' notice, more notice than he was entitled to receive.
Trussell also argues that his being placed on administrative leave with pay constituted a disciplinary action, as to which he says he was entitled to a hearing. However, that leave was merely an adjunct of his termination and was ordered with full pay and benefits. The materials before us contain no evidence tending to show that he was placed on leave for any disciplinary reasons.
The materials contain no evidence tending to show that Dr. Craft or Dr. Gainous erroneously interpreted any law or otherwise acted in such a way as to place themselves outside the scope of the immunity they would have as state officials or employees acting in the line and scope of their authority. To terminate Trussell's employment during his probationary period was well within the discretion of these defendants, and they did not carry out his termination in such a way as to fall outside the scope of their immunity. *Page 61 
 III. Conclusion
Dr. Craft, Dr. Gainous, and Ayers State were clearly entitled to a judgment in their favor. Their petition for the writ of mandamus is granted.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, SEE, and LYONS, JJ., concur.
[1] The Alabama State Board of Education, its individual members, and the current interim president of Ayers State have been dismissed as defendants.
[2] See Ala. Code 1975, § 36-26-101; Alabama College SystemPolicy Manual, Revised Hearing Procedure (December 8, 1994).
[3] This has been held to mean three calendar years. SeeUwakolam v. Huntsville City Board of Education, 554 So.2d 1036
(Ala.Civ.App. 1989).
[4] Trussell's argument also depends upon the erroneous assertion that his contract period did not expire until August 31, 1995 because the school year ran from September 1 through August 31. However, the lack of any written contract of employment for a one-year period defeats this argument.