182 So.2d 360

**George C. WALLACE et al.**

**v.**

**Paul R. MALONE.**

**6 Div. 72.**

Supreme Court of Alabama.

June 19, 1964.

Rehearing Denied Feb. 10, 1966.

Attys. Gen., and Harvey Elrod, Deputy Atty. Gen., for appellants..

Higgins, Windham, Perdue & Johnson, Birmingham and Clement, Rosen, Hubbard & Waldrop, Tuscaloosa, for appellee.

Richmond M. Flowers, Atty. Gen., J. S. Mead and Robt. D. Norman, Special Asst.

## PER CURIAM.

This litigation was initiated by appellee's filing a bill on the equity side of the Circuit Court for the Tenth Judicial Circuit against George C. Wallace, A. R. Meadows, and the other named appellants, all being members of the State Board of Education, on October 28, 1963. The caption of the bill does not describe the respondents in any representative capacity, but the body of the bill designates respondent George C. Wallace as Governor of the State of Alabama and as President of the State Board of Education, and decribes A. R. Meadows as the Superintendent of Education and as Secretary and Executive Officer of the State Board of Education. The bill avers that the respondents "are sued individually and in their capacities as such officers and members of the State Board of Education of the State of Alabama."

It is averred that on January 12, 1956, complainant entered into a contract or agreement in writing with the State of Alabama acting by and through the State Board of Education by the terms of which complainant was appointed State Textbook Depository with the right and privilege of selling and distributing all state adopted textbooks for the public schools of the State for and during the term of the contract. The bill further avers that on June 21, 1956, the contract was amended by mutual consent and was also extended as to term until September 3, 1959, and thereafter further amended to extend the term to December 31, 1967.

The bill purports to attach as exhibits the several contracts involved, but does not include certain bid forms which constituted a part of the contracts and this was the basis of grounds of demurrer which was sustained, but which is not involved on this appeal.

It is averred that in reliance on the contract, the complainant constructed a large warehouse in Tuscaloosa and expended large sums of money acquiring and improving facilities to be used by him as the textbook depository and in performing the services provided by the contract.

The bill then avers that until the 1st day of October, 1963, the parties to the contract acted under it and that complainant performed all of the obligations and duties devolving upon him pursuant to the terms thereof and that on that date the respondents "acting in their capacity as officers and members of the Board of Education of the State of Alabama adopted a resolution purporting to cancel the said textbook depository contract" and that on October 3, 1963, he received a notice from respondent Meadows purporting to notify him of such cancellation in 90 days.

The bill prays an order of the court enjoining and restraining the respondents individually and in their capacities as officers of the State Board of Education of Alabama from cancelling the State Textbook Depository contract pending further orders of the court and further enjoining

and restraining respondents in their individual and representative capacities from receiving bids and reletting a contract designating and appointing a party other than complainant as State Textbook Depository pending further orders of the court.

Complainant prays that after a final hearing the court will order, decree and declare that the contract existing between the parties is a valid and subsisting one and the purported cancellation by the respondents in their individual and representative capacities is null, void and ineffectual and that the respondents are without legal authority to cancel the same.

Upon presentation of the bill to the trial court, an order was entered enjoining the respondents individually and in their capacities as officers and members of the State Board of Education of the State of Alabama from cancelling the State Textbook Depository contract and further enjoining and restricting them individually and in said representative capacities from receiving a bid and letting a contract and designating and appointing some party other than the complainant as the State Textbook Depository until further orders of the court.

Thereafter, the respondents demurred to the bill upon grounds, among others, that there was no equity in the bill and that it affirmatively appeared from the allegations of the bill that the suit sought to be maintained is without equity. Respondents further filed a motion to dissolve the temporary injunction on the grounds that the action was an action against the State of Alabama, and contravenes § 14 of the Constitution of Alabama, and that by virtue of the issuance of the writ the court, in effect, is coercing the State of Alabama into the performance of a contractual obligation.

On February 5, 1964, the motion to dissolve the temporary injunction was heard by the court, and denied. It is from this judgment denying the motion to dissolve the temporary injunction that this appeal is taken.

*On the Motion to Dismiss the Appeal*

Appellee has filed a motion to dismiss the appeal, taking the position that since appeals from rulings on demurrers have been abolished by Act No. 72, Acts of the Legislature of Alabama of 1961, Extra Session, it follows that appeals from rulings on motions to dissolve temporary injunctions must have been abolished too, since in order for the injunction to have been dissolved the court would have to reach the conclusion that the bill was without equity. Appellee takes the position that the present appeal is actually an attempt to have the court pass upon the question of whether there is equity in the bill and as such is an appeal from an interlocutory decree. We disagree. Act No. 72, supra, did not repeal Tit. 7, § 757, Code of Ala.1940 which provides for appeals from a ruling on a motion to dissolve a temporary injunction. See also WGOK, Inc. v. WMOZ, Inc., 275 Ala. 264, 154 So.2d 22.

If there is no equity in the bill, then the refusal to grant the motion to dissolve the temporary injunction is error. In that sense, appellee is right that the motion to dissolve tests the sufficiency of the bill as does a general demurrer. He is wrong, however, in his assertion that the judgment denying the motion to dissolve will not support an appeal. Tit. 7, § 757, supra.

*On the Merits*

The basic inquiry in this case is whether or not this is a suit against the State in contravention of § 14, Constitution of Alabama. If it is, the bill is clearly without equity and the trial court erred in denying appellants' motion to dissolve the temporary injunction. We have already stated the nature of the suit and the relief sought since

"Generally speaking, it is the nature of the suit or relief demanded which the courts consider on determining whether a suit against a state officer [or

board] is in fact one against the state within the rule of immunity of the state from suit * * *." 49 Am.Jur., States, Territories, and Dependencies, § 94. State of Alabama v. Norman Tobacco Co., Inc., 273 Ala. 420, 142 So.2d 873.

If the state is the real party in interest here, then injunctive relief cannot be maintained against the State Board of Education.

In Comer v. Bankhead, 70 Ala. 493, the complainant sought specific performance of a contract made by the warden of the state penitentiary and to enjoin the successor warden from breaching the contract. This Court held the contract to be one by the State as principal and denied relief on the ground that the suit was against the State and for that reason could not be maintained.

In the Comer v. Bankhead case this Court cited McCauley v. Kellogg, 2 Words, U.S. Circuit Report 22, for authority that an action against executive officials of a state in their official capacity to compel them to execute a contract of the state authorized by its law is to all intents and purposes an action against the state and as such is violative of the Federal Constitution.

To like effect is the case of Ex Parte Ayers, 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216. This case involved specifically the question of whether enjoining officials of the state of Virginia from breaching a contract between the state and the complainant was a suit against the state of Virginia in violation of the 11th Amendment of the Constitution of the United States. The Supreme Court of the United States held to the affirmative of the question.

The guiding principle in the instant case is to the same effect as the cases supra, and as observed in Dunn Construction Co. v. State Board of Adjustment, 234 Ala. 372, 376, 175 So. 383, 386:

"As for claims arising from contracts with the state, including contracts through agencies authorized to contract on behalf of the state, it is to be observed that all persons dealing with the state are charged with knowledge that no one has authority to subject the state to suit."

The suit here is one to redress breach of contract by the State and for that reason cannot be maintained. In the light of the foregoing we are of the opinion that the bill is without equity and that the motion to dissolve the temporary injunction should have been granted. A bill without equity will not support an injunction of any character under any circumstances. Persons v. Summers, 274 Ala. 673, 151 So.2d 210(9); Kimbrough v. Hardison, 263 Ala. 132, 81 So.2d 606; Loop National Bank of Mobile v. Cox, 255 Ala. 388, 51 So.2d 534; McHan v. McMurry, 173 Ala. 182, 55 So. 793.

Our conclusion is well supported by competent authorities both here and elsewhere. For other Alabama cases see Alabama Industrial School v. Adler, 144 Ala. 555, 42 So. 116; Harmon v. Alabama College, 235 Ala. 148, 177 So. 747; Barlow v. Employers Ins. Co., 237 Ala. 665, 188 So. 896.

For supporting authorities elsewhere see Hampton v. State Board of Education of Fla., 90 Fla. 88, 105 So. 323, 42 A.L.R. 1456; Miller v. State Board of Agriculture (W.Va.), 46 W.Va. 192, 32 S.E. 1007; Miller Supply Co. v. State Board of Control (W.Va.), 72 W.Va. 524, 78 S.E. 672; Hamill v. Koontz (W.Va.), 134 W.Va. 439, 59 S.E.2d 879; Caldwell v. Donaghey (Ark.), 108 Ark. 60, 156 S.W. 839, 45 L.R.A.,N.S., 721.

One further comment is deemed appropriate. The bill contains the following averments:

"Complainant avers that the respondents are, individually and as officers and members of the State Board of Edu-

cation of the State of Alabama, acting beyond the scope of their authority, and are acting illegally in attempting to cancel complainant's said contract attached hereto and marked 'Exhibit A', as so modified and extended, and are acting beyond the scope of their authority, and are acting illegally in threatening to receive bids and let a new contract designating and appointing another as the State Textbook Depository for the remainder of the term of complainant's said State Textbook Depository."

Because of those averments the complainant insists that the trial court's action in refusing to dissolve the injunction is in accordance with our holdings in the following cases: Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234; St. Clair County v. Town of Riverside, 272 Ala. 294, 128 So.2d 333; Engelhardt v. Jenkins, 273 Ala. 352, 141 So.2d 193; State v. Norman Tobacco Co., Inc., 273 Ala. 420, 142 So.2d 873. Those cases are not here applicable. In none of those cases was a decree sought which would take away any property of the State, or fasten a lien on it, or interfere with disposition of funds in the treasury, or compel the State, indirectly, by controlling its officers or employees, to perform any contract or to pay any debt. Southall's case, supra, 275 Ala. 156, 158(3), 153 So.2d 234. Whereas in the instant case we are confronted with a bill, the object of which is by injunction, indirectly to compel the specific performance of a contract of the State, by forbidding all those acts and doings which constitute breach of contract. This may not be done.

The decree appealed from is therefore reversed and one is here rendered dismissing the bill and dissolving the injunction.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.