BRADLEY, Judge.
The appellant, W. E. Carter, is appealing from a denial of reimbursement by the lower court for the taking of 243 raccoons by the Department of Conservation. We affirm.
Mr. Carter raises raccoons for stocking and propagation under a license issued to him by the State of Florida.
On May 21, 1977 Mr. Carter transported 243 live raccoons under interstate health certificates issued by the Florida Department of Agriculture. The raccoons were being transported to a consignee in Lauder-dale County, Alabama.
On this same date, Mr. Carter was arrested by two Alabama Department of Conservation law enforcement officers while in the process of finalizing the sale to the consignee. He was charged with possession *64 of coons during closed season without a permit and with selling or offering for sale live raccoons.
Mr. Carter could not return the raccoons to Florida and was apparently told by the officers that each raccoon constituted a separate offense. However, they further told him that if he would release the raccoons in various locations in Lauderdale County, only one case would be made against him. Mr. Carter released the raccoons in the presence of the officers and at their direction. The case against Carter was nol pressed by the circuit court on the basis no criminal act had been committed by him.
Carter brought suit under an amended complaint for inverse condemnation charging that the Department of Conservation owed him $4,527.00 as just compensation. He also sued in his original complaint under art. I, § 23 of the Alabama Constitution which forbids the taking of private property for public use unless just compensation is made.
On May 25, 1979 the court, without a jury, heard the case, which was submitted on agreed stipulation of facts.
On September 21, 1979 the court denied Mr. Carter any relief, stating that inverse condemnation did not apply in this case, and further that Mr. Carter’s suit was barred under § 14 of the state constitution which forbids a suit against the State of Alabama. An appeal was then timely made to this court.
The issue presented to this court is whether the appellant’s suit is a suit against the State.
The general rule in Alabama is stated in § 14 of the 1901 constitution:
That the State of Alabama shall never be made a defendant in any court of law or equity.
Section 14 also prohibits a suit against state officers and agents in their official capacity and individually when a result favorable to the plaintiff would directly affect a contract or property right of the State. Wallace v. Malone, 279 Ala. 93, 182 So.2d 360 (1964); State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581 (1932).
In determining whether an action against a state officer or agent is in fact a suit against the State, the court considers the nature of the suit or the relief demanded. Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., 289 Ala. 144, 266 So.2d 588 (1972); State v. Norman Tobacco Co., 273 Ala. 420, 142 So.2d 873 (1962).
The immunity from suit conferred upon the State by § 14 is not absolute. In Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), the court listed four general categories of cases which do not come within the prohibition of § 14:
Without professing to cover every situation that has arisen, there are four general categories of actions that we have held do not come within the prohibition of Sec. 14. (1) Actions brought to compel State officials to perform their legal duties. (2) Actions brought to enjoin State officials from enforcing an unconstitutional law. (3) Actions to compel State officials to perform ministerial acts. (4) Actions brought under the Declaratory Judgments Act, Tit. 7, § 156 et seq., Code 1940, seeking construction of a statute and how it should be applied in a given situation. [Citations omitted.]
This list was never intended to be a comprehensive final list of those actions not barred by § 14. Gill v. Sewell, Ala., 356 So.2d 1196 (1978). And it has been held that a suit may be maintained against state officials in their official capacity for acts allegedly committed fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law. Unzicker v. State, Ala., 346 So.2d 931 (1977).
The appellant’s complaint alleges a taking of private property without compensation on the part of Richard A. Forester in his official capacity as Commissioner of the Department of Conservation. As previously noted, § 14 of the Alabama Constitution bars a suit against a state officer in his official capacity. Therefore a suit against Richard A. Forester in his official capacity is barred by § 14. Furthermore, the appel *65 lant has failed to bring his suit within the categories recognized in Aland and Unzicker.
The appellant does not allege in his complaint that Richard A. Forester exceeded the authority given him by statute. The appellant’s allegations are based on actions of certain officers in the Department of Conservation. We think that if Richard A. Forester acted at all, it was as the State pursuant to his statutory authority. Therefore the appellant’s claim is barred by § 14 of the constitution.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.