421 So.2d 1257 (1982)
Shanda HICKMAN
v.
DOTHAN CITY BOARD OF EDUCATION, et al.
81-300.
Supreme Court of Alabama.
October 1, 1982.
*1258 J. Victor Price, Jr., Montgomery, for appellant.
Jere C. Segrest of Hardwick, Hause & Segrest, Dothan, for appellees.
ADAMS, Justice.
This appeal involves the application of Ala. Const.1901, § 14 (sovereign immunity), to members and employees of the Dothan City Board of Education. Shanda Hickman (plaintiff) sued the members of the Dothan City Board of Education (Board) and four of its employees in the Circuit Court for Houston County. Defendants moved to dismiss under Rule 12(b)(6), Alabama Rules of Civil Procedure, contending that no cause of action was alleged. The trial court agreed and dismissed plaintiff's complaint as to all defendants. Plaintiff appealed.
The dispositive issue is whether Ala. Const.1901, § 14, mandates dismissal of plaintiff's action as to all defendants. We hold that it does, and for reasons discussed below, we affirm.
In her complaint, plaintiff, in essence, alleges that she was the subject of unfounded accusations, and of negligent and false evaluation and observation by Board employees. She complains that the Board members negligently accepted the incorrect evaluation and observations, and decided not to retain her for the next school year. Plaintiff was a non-tenured elementary school teacher first employed by the Board in the summer of 1978. Plaintiff alleges that she had two successful years of teaching, and positive evaluations for those two years reflecting her teaching competence. She states in her complaint that a new principal, defendant Carolyn Sanders, was assigned to her school in the 1980-81 school year. Sanders, allegedly, vented a personal, unprovoked hostility on plaintiff, negligently evaluated her teaching abilities, and untruthfully charged plaintiff with disseminating rumors concerning her. Plaintiff variously alleges that other employees of the Board were negligent in their accounts and observations of plaintiff's teaching abilities, which they provided to the Board. She also alleges that they falsely accused her of trying to undermine Sander's authority as principal. Against the Board, plaintiff alleges that its members are liable to her because they negligently accepted the incorrect evaluation and accounts in not renewing her teaching contract.
All members of the Board were sued in their individual and representative capacities. Three of the four employees sued (Carolyn Sanders, Mary N. Hogan, and Marge Martin) were sued only in their representative capacities as employees of the Board. The fourth employee, Jack Sasser, was sued in both his individual and representative capacities.
We find that this court's recent decision in DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1982) (DeStafney), is dispositive of this appeal. In that case, we quoted Milton v. Espey, 356 So.2d 1201 (Ala.1978), which said:
Section 14 of the Constitution not only prevents a suit against the State, but against its officers and agents in their *1259 official capacity when a result favorable to the plaintiff would directly affect a contract or property right of the State. Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., 289 Ala. 144, 266 So.2d 588 (1972); Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234 (1963). The prohibition of Section 14 cannot be circumvented by suing the official or agent individually. See Wallace v. Malone, 279 Ala. 93, 182 So.2d 360 (1964).
Milton v. Espey, at 1202. Recently, we observed that "boards of education are not subject to tort actions due to sovereign immunity." Threadgill v. Birmingham Board of Education, 407 So.2d 129 at 131 (Ala.1981), citing Enterprise City Board of Education v. Miller, 348 So.2d 782 (Ala. 1977) and Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala.1976).
Explaining the extent of protection afforded under § 14, this court in Destafney stated:
Clearly, under the guidelines of Gill and Milton, a claim for personal injury based upon the alleged negligent conduct of a State employee, even when committed in the line and scope of employment, is not within the ambit of § 14's protection. Such a claim, by virtue of its nature and the relief demanded, in no way seeks to circumvent the prohibition of § 14. Any state interest affected by the suit is far too incidental to supply the requisite nexus for extension of constitutional immunity to the individual employee defendant.
DeStafney, at 395.
Limitations, however, were noted on the extent to which a state employee could be sued for negligence:
This is not to say, however, that every act or performance of duty by a state official or employee, by virtue of its characterization as negligence, necessarily falls outside the immunity doctrine. Even absent the requisite identity between the State and the state official or employee defendant to invoke absolute immunity, the Restatement's doctrine of substantive immunity may yet be invoked if the official or employee 1) is engaged in the exercise of a discretionary function; 2) is privileged and does not exceed or abuse the privilege; or 3) is not negligent in the performance of his responsibility.
DeStafney, at 395.
In Bell v. Chisom, 421 So.2d 1239 (Ala. 1982), this court applied DeStafney to reverse and remand a grant of summary judgment in favor of defendant state employees. We held that immunity is an affirmative defense for which the burden of proof rests with those asserting it. There, the trial court had insufficient material before it to determine whether the defendant state employees were engaged in a discretionary function and, therefore, entitled to raise the defense. A reversal and remand was necessary, under the facts of that case, for the issue of immunity to be properly considered.
Under the allegations contained in the complaint, the trial court correctly dismissed plaintiff's cause of action as to Carolyn Sanders, Mary N. Hogan, and Marge Martin. They were sued only in their representative capacities, and are, therefore, within the protection afforded under § 14. For the same reason, plaintiff's action against the members of the Board was properly dismissed insofar as the Board members were sued in their representative capacities.
We must yet determine, however, whether the trial court erred in dismissing plaintiff's action against the members of the Board and Jack Sasser, insofar as they were sued in their individual capacities. As stated in DeStafney, "alleged negligent conduct of a State employee, even when committed in the line and scope of employment, is not within the ambit of § 14's protection." DeStafney, supra. Therefore, as to these defendants sued in their individual capacities, we must discern from the record whether the "alleged negligent conduct" rises to the level of a claim under any theory recognized under the tort law of this state.
*1260 This statement, viewed in its factual context, means "alleged negligent conduct" which states a cognizable tort claim. We have strained at each allegation, and we are unable to find language which expresses a tort claim against those defendants sued in their individual capacities. All allegations come within the ambit of a discretionary function. Even when considered most liberally, they provide no basis upon which to found liability for a personal claim of injury. They lack the requisite element of a claim in tort; hence they fall short. Therefore, we affirm the trial court's dismissal as to plaintiff's action against the defendants sued in their individual capacities.
We hasten to point out that our affirmance is not grounded on a technical deficiency of plaintiff's alternative statements of her claim. Our recent decision in Bell v. Chisom, dramatizes this point. There, we observed that, although the pleadings were somewhat loosely drawn, the allegations sufficiently stated a cognizable claim in tort (the failure to furnish a safe place to work). Here, to be sure, plaintiff employed traditional tort language (negligence); but in each instance this language either refers to conduct which falls within a range of discretionary administrative functions, or is used in conjunction with other language not stating a cognizable legal claim for damages in tort. We, therefore, can reach no other result.
Lastly, we do not reach plaintiff's argument concerning a constitutional basis for her action. We find that theory of recovery insufficiently argued to permit review. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES and BEATTY, JJ., concur.
MADDOX, ALMON and SHORES, JJ., concur in result.
EMBRY, J., dissents.
EMBRY, Justice (dissenting):
I respectfully dissent and refer the reader to my views expressed in my dissent in Bell v. Chisom, 421 So.2d 1239 (Ala.1982). I would hold that the party seeking recovery of one who has a defense based upon the immunity doctrine must negate in the complaint the cloak of immunity that would be presumed to exist with regard to state employees. Further, I would hold that a state employee engaged in a discretionary function should be sued in a representative capacity, thus causing liability for the payment of any judgment to rest upon the agency or department of the state for which the individual is performing the services out of which the liability to the plaintiff arose.