Donald P. Williams sued John C. Calhoun Community College ("Calhoun"); the president of Calhoun, Dr. Richard Carpenter; and the State of Alabama Board of Education, alleging that the defendants had breached an employment contract with Williams.
The defendants moved to dismiss the complaint, arguing that it represented a claim against the State of Alabama and was therefore prohibited by Article 1, § 14, Constitution of Alabama 1901. The trial court granted the defendants' motion to dismiss, but granted Williams 30 days to amend his complaint. Williams amended his complaint to *Page 2 
add three additional defendants, Jackson Sasser and James Chasteen, former presidents of Calhoun; and Alice Viladsen, a former dean of Calhoun. The amended complaint sued Carpenter, Sasser, Chasteen, and Viladsen in their individual, as well as their official, capacities. The amended complaint also asserted a cause of action under 42 U.S.C. § 1983, alleging that the defendants had deprived Williams of a property interest without due process of law.
The defendants moved to dismiss the amended complaint: they again asserted immunity under Article 1, § 14, Constitution of Alabama 1901, and denied that Williams had been deprived of any constitutionally guaranteed right. The trial court granted the defendants' motion to dismiss the amended complaint. Williams appeals.
This dispute arose when Williams was transferred from a position at the Huntsville campus of Calhoun, which he had contracted for, to a position at Calhoun's Decatur campus. Both positions are designated "site supervisor" and they are paid at the same rate. Williams argues, however, that his new "site supervisor" position requires less skill and has no opportunity for advancement, and, therefore, that he was effectively discharged by the transfer. Williams argues that Calhoun breached his contract when it transferred him to the new position. Williams also argues that he had a property interest in the position he had contracted for and that he was denied due process of law when he was transferred to the new position without a hearing.
We note at the outset that a motion to dismiss is properly granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. A.R.Civ.P. 12(b)(6); Stark v. Troy StateUniversity, 514 So.2d 46, 50 (Ala. 1987).
Under Article 1, § 14, Alabama Constitution of 1901, "the State and its agencies have absolute immunity from suit in any court." Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989); see also Taylor v. Troy State University, 437 So.2d 472, 474
(Ala. 1983). "This immunity extends to the state's institutions of higher learning." Taylor, 437 So.2d at 474; see Breazeale v.Board of Trustees of the University of South Alabama,575 So.2d 1126, 1128 (Ala.Civ.App. 1991). "State officers and employees, in their official capacities and individually, are also absolutely immune from suit when the action is, in effect, one against the state." Phillips v. Thomas, 555 So.2d at 83; seeTaylor v. Troy State University, 437 So.2d at 474. Those dealing with the State are charged with knowledge of its immunity. McDowell-Purcell, Inc. v. Bass, 370 So.2d 942, 944
(Ala. 1979). As against the Board of Education and Calhoun, agencies of the State, both the breach of contract claim and the § 1983 claim were properly dismissed.
Williams argues that his action is not an action against the State, but that it is, instead, one that seeks to compel State officials to perform their legal duties, and, thus, he says, it falls within an exception to the prohibition of § 14. This Court has recognized four categories of actions that do not come within the prohibition of § 14:
 "(1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgment Act seeking construction of a statute and its application in a given situation. Gunter v. Beasley, 414 So.2d 41 (Ala. 1982); Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971)."
Taylor v. Troy State University, 437 So.2d at 474. Williams argues that, although the defendants do not have to follow any particular policy, they must follow any policy they adopt. He argues that when the school entered into an employment contract with him, the terms of the contract became school policy. Therefore, he argues, it is the legal duty of the defendants to adhere to the employment agreement.
The defendants argue that the contract was between Williams and Calhoun and that the individual defendants were not parties to the contract. They argue that, because the individual defendants were not parties to the *Page 3 
contract, they have no right or obligation under it, and, thus, that the breach of contract claim was properly dismissed as to the individual defendants. They further argue that Williams's action is indistinguishable from that brought in Wallace v.Malone, 279 Ala. 93, 182 So.2d 360 (1964), where the plaintiff sought, indirectly, by injunction, to compel the specific performance of a contract of the State by forbidding all those acts that would constitute a breach of contract. In Wallace, we held that such an action was due to be dismissed.279 Ala. at 98, 182 So.2d at 363.
"In determining whether an action against a state officer or employee is, in fact, one against the State, this Court will consider such factors as the nature of the action and the relief sought." Phillips v. Thomas, 555 So.2d at 83. An action against State officers or employees in their official or individual capacity that would directly affect a contract or property right of the State is prohibited by § 14. Stark v.Troy State University, 514 So.2d 46, 51 (Ala. 1987); Gunter v.Beasley, 414 So.2d 41 (Ala. 1982).
The employment contract at issue is a letter constituting an offer of employment from James R. Chasteen, as president of Calhoun, and accepted by Williams. The contract, by its terms, was effective only for the period from September 1, 1987, through August 31, 1988. The contract contains no provision for renewal.
Williams argues that his breach of contract claim is essentially a claim to compel State officials to perform their legal duties and that it is, therefore, outside the prohibitions of § 14. However, Williams's breach of contract claim is, like the breach of contract claim in Wallace v.Malone, an action against the State. It is an action to compel the specific performance of a contract of the State by forbidding those acts that would constitute a breach of contract. As we held in Wallace v. Malone, 279 Ala. at 98,182 So.2d at 363, such an action is properly dismissed.
Williams next argues that he had a property interest in the position he had contracted for, and that, by transferring him to a new position, and, he argues, effectively discharging him from that position without affording him the opportunity to be heard, the defendants denied his right to due process under the Fourteenth Amendment to the United States Constitution. Williams seeks declaratory relief, injunctive relief, and damages pursuant to 42 U.S.C. § 1983.
The first question we must address is whether Williams had a property interest in the position he had contracted for. Property interests are a broad range of interests secured by existing rules or understandings. Board of Regents of the StateColleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709,33 L.Ed.2d 548, 561 (1972); Perry v. Sindermann, 408 U.S. 593,610, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570, 580 (1972).
Williams first argues that he has a property interest under the terms of his contract with Calhoun. We reject this argument. The contract between Williams and Calhoun was, by its terms, effective only for a one-year period ending September 1, 1987. Under the contract, therefore, Williams has no property interest in the position from which he was transferred. Williams also argues that he had tenure in that position. Williams is not a teacher and, therefore, the provisions of the teacher tenure law are not applicable. Williams's remaining arguments are not properly before this Court, because they were not raised before the trial court. Campbell v. Alabama PowerCo., 567 So.2d 1222 (Ala. 1990). Therefore, we hold that the trial court properly dismissed Williams's § 1983 claim as to the individual defendants.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL and INGRAM, JJ., concur. *Page 4