Rel: June 21, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

————————————————

### SC-2023-0966

————————————————

## David McGilvray, individually and on behalf of the State of Alabama

## v.

## William M. Perkins, individually and in his official capacity as executive director of the Alabama Board of Medical Examiners, et al.

### Appeal from Montgomery Circuit Court
### (CV-23-900747)

MITCHELL, Justice.

After being fired from the Alabama Board of Medical Examiners ("the Medical Board") for sending a sexually explicit email to his coworkers, David McGilvray brought two lawsuits in an effort to obtain retiree-health-insurance benefits. In the first suit, he sued the executive director of the Medical Board and the CEO of the Local Government Health Insurance Board ("the Insurance Board"); but the Montgomery Circuit Court entered summary judgment against him because his claims were time-barred. In his second suit -- the subject of this appeal -- McGilvray sued the executive director of the Medical Board and the members of the Medical Board ("the Medical Board defendants") in both their official and individual capacities.[1] The Medical Board defendants moved to dismiss his complaint based on, among other things, the

---

[1]The Medical Board defendants are William M. Perkins, the executive director of the Medical Board, and the members of the Medical Board: Mark H. LeQuire, Charles M.A. Rogers IV, Aruna T. Arora, Gregory W. Ayers, Julia L. Boothe, Tonya E. Bradley, Eli L. Brown, Hernando D. Carter, Nina S. Ford Johnson, Beverly F. Jordan, George T. Koulianos, Dick Owens, William Jay Suggs, David R. Thrasher, Jane Ann Weida, and Amanda J. Williams.

doctrines of State immunity and res judicata. The Montgomery Circuit Court then dismissed the suit. We affirm.

## Facts and Procedural History

McGilvray worked as an investigator for the Medical Board for over 16 years. In March 2019, Sarah Moore, the executive director of the Medical Board at the time, fired McGilvray for using his work computer to access and email sexually explicit material to his coworkers. As part of the termination, the Medical Board asked the Insurance Board -- the entity that administers the Medical Board's employee-health-insurance plan -- to cancel McGilvray's health-insurance benefits.

The day he received the letter terminating his employment, McGilvray sent a letter to the Medical Board, its members, and Moore stating that, because the Medical Board's members had not yet voted to ratify his termination, he was retiring. He later wrote a letter to the Insurance Board asking it not to cancel his health insurance because, he said, as a retiree, he was entitled to retiree-health-insurance benefits. In April 2019, the Medical Board ratified the termination of McGilvray's employment. A week later, the Insurance Board denied his request for

retiree-health-insurance benefits because, it said, he had been fired for cause and had not retired.

In March 2020, McGilvray filed a claim with the Alabama Board of Adjustment, seeking retiree-health-insurance benefits as well as backpay for accrued vacation time and sick leave. The Board of Adjustment dismissed his claim for lack of subject-matter jurisdiction. Then, in August 2021, McGilvray filed a grievance with the Insurance Board asking for an administrative review regarding his entitlement to retiree-health-insurance benefits. In his request for an administrative review, he argued that, because he had been covered by the Medical Board's health plan for more than 10 years and had been 66 years old at the time his employment with the Medical Board ended, he was entitled to retiree-health-insurance benefits under the terms of the Local Government Health Insurance Plan. After reviewing the grievance, the Insurance Board denied his request.

In April 2022, McGilvray filed a lawsuit ("the prior action") in the Montgomery Circuit Court against the executive director of the Medical Board and the CEO of the Insurance Board in their official capacities. In his complaint, McGilvray sought injunctive and declaratory relief to

obtain what he had requested from the Insurance Board -- retiree-health-insurance benefits for him and his family. All parties moved for summary judgment.

In a reasoned order, the circuit court denied McGilvray's motion for summary judgment and granted the defendants' motions. In doing so, the court held that McGilvray's claims were governed by the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala. Code 1975. Accordingly, the court said, McGilvray had been required to file his claims within 30 days of the final administrative decision by the Insurance Board. See § 41-22-20(d), Ala. Code 1975. Because McGilvray had filed his lawsuit well after the expiration of that 30-day limitations period -- the final agency decision was rendered in September 2021 and McGilvray did not file suit until April 2022 -- the circuit court held that his claims were time-barred. McGilvray timely filed a postjudgment motion to alter, amend, or vacate the judgment, which the circuit court denied. McGilvray did not appeal.

Six months later, McGilvray initiated another action in the Montgomery Circuit Court. This time he sued the Medical Board defendants in their official and individual capacities for the same

5

injective relief that he had sought in the prior action -- again, to obtain retiree-health-insurance benefits for him and his family. He also added a breach-of-contract claim for damages and injunctive relief, as well as a claim, on his own behalf and purportedly on behalf of the State, alleging that the Medical Board defendants had committed "nonfeasance, misfeasance, and malfeasance."

The Medical Board defendants moved to dismiss the complaint against them, arguing that res judicata barred McGilvray's new claims and that the Medical Board defendants were entitled to State and State-agent immunity. In doing so, they attached the record from the prior action. The circuit court granted the Medical Board defendants' motion to dismiss without stating its rationale and denied McGilvray's subsequent motion to alter, amend, or vacate the judgment. McGilvray appealed.

Standard of Review

This Court reviews judgments of dismissal de novo. Johnson v. Washington, [Ms. SC-2022-0897, June 30, 2023] ___ So. 3d ___, ___ (Ala. 2023). We must determine whether, "when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that

the pleader could prove any set of circumstances that would entitle her to relief." Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993).

## Analysis

On appeal, McGilvray asks us to reverse the circuit court's judgment because, he says, the Medical Board defendants are not entitled to State or State-agent immunity and his claims are not barred by res judicata. We reject his request. As discussed below, his breach-of-contract claim, to the extent it seeks damages from the Medical Board defendants in their official capacities, is barred by State immunity; and to the extent that claim seeks injunctive relief, it is barred by res judicata. Likewise, all of his other claims are barred by res judicata.

### A. State Immunity

State immunity "removes subject-matter jurisdiction from the courts." Alabama State Docks Terminal Ry. v. Lyles, 797 So. 2d 432, 435 (Ala. 2001). Consequently, we must first address whether McGilvray's claims are barred by that doctrine. See Aland v. Graham, 287 Ala. 226, 229, 250 So. 2d 677, 678 (1971) (stating that this Court "will take notice of the question of jurisdiction at any time or even ex mero motu"). Because State immunity does not shield the Medical Board defendants

7

from claims brought against them in their individual capacities, that doctrine bears only on McGilvray's official-capacity claims. See Ex parte Pinkard, 373 So. 3d 192, 201 (Ala. 2022).[2]

Article I, § 14, of the Alabama Constitution of 2022 provides that "the State of Alabama shall never be made a defendant in any court of law or equity." This Court has long held that § 14's grant of State immunity strips courts of jurisdiction over any claim that seeks to "take away any property of the State, or fasten a lien on it, or interfere with disposition of funds in the treasury, or compel the State, indirectly, by controlling its officers or employees, to perform any contract or to pay any debt." Wallace v. Malone, 279 Ala. 93, 98, 182 So. 2d 360, 363 (1964). Because a claim against a State officer in his or her official capacity "would directly affect a contract or property right of the State," McGilvray cannot recover damages on his breach-of-contract claim against the

---

[2]State-agent immunity, which is relevant to McGilvray's individual-capacity claims, is not jurisdictional. See Ex parte Sawyer, 984 So. 2d 1100, 1107 (Ala. 2007). We need not address its application here.

8

Medical Board defendants in their official capacities. Ex parte Cooper, [Ms. SC-2023-0056, Aug. 25, 2023] ___ So. 3d ___, ___ (Ala. 2023).

There are, however, certain types of claims against State officers in their official capacities that are not shielded by § 14 because they do not seek the State's funds or to impair the State's property or contractual rights. See Ex parte Moulton, 116 So. 3d 1119, 1131 (Ala. 2013) (listing several such claims). McGilvray argues that his official-capacity claims fall outside § 14 for several reasons. Specifically, he contends, his claims are allowed by Moulton because they seek only "to compel State officials to perform their legal duties," "to compel State officials to perform ministerial acts," and injunctive relief based on allegations that the "State officials in their representative capacity … acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law." McGilvray's brief at ix; see also Moulton, 116 So. 3d at 1137. McGilvray's official-capacity claims for injunctive relief are the types of claims that, as Moulton recognized, fall outside of § 14's protection.

The Medical Board defendants nonetheless argue that State immunity should apply because, they contend, McGilvray's official-capacity claims are factually unsupported. But the Medical Board

defendants' argument goes to the merits of McGilvray's claims (that is, whether McGilvray can eventually succeed), not this Court's subject-matter jurisdiction (that is, whether McGilvray has presented claims that fall within one or more of the <u>Moulton</u> categories). Accordingly, although State immunity bars McGilvray's official-capacity breach-of-contract claim for damages, that doctrine does not shield the Medical Board defendants from his other claims for relief.

B. Res Judicata

The Medical Board defendants argue that, to the extent McGilvray's claims against them are not barred by immunity, we should affirm the circuit court's dismissal of those claims based on res judicata. Res judicata precludes "the relitigation of a claim that was, or could have been, adjudicated in a prior action." <u>Bradberry v. Carrier Corp.</u>, 86 So. 3d 973, 985 (Ala. 2011). For res judicata to apply there must be "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." <u>Equity Res. Mgmt., Inc. v. Vinson</u>, 723 So. 2d 634, 636 (Ala. 1998). All those elements are met here.

10

### 1. Prior Judgment

First, there was a prior judgment on the merits. In November 2022, in an almost identical case, the Montgomery Circuit Court entered summary judgment against McGilvray. That court held that McGilvray's claims were barred by the statute of limitations for administrative appeals. See § 41-22-20(d). McGilvray did not appeal the judgment. And, contrary to McGilvray's contentions, a judgment based on the statute of limitations is a judgment on the merits. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (explaining that "[t]he rules of finality … treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits").

### 2. Competent Jurisdiction

The second element of res judicata -- that the prior court had jurisdiction -- is also satisfied. The Insurance Board has "complete discretion and final authority to interpret the terms and conditions of the [Local Government Health Insurance Program]." § 11-91A-9, Ala. Code 1975. If the Insurance Board denies a person benefits, then the

Insurance Board's organic statute governs how and when that person may appeal.[3] That statute provides that a person may appeal an adverse decision from the Insurance Board to a claims administrator. Id. If the person receives an adverse determination from a claims administrator, he or she may appeal further to the Montgomery Circuit Court, which has exclusive jurisdiction over appeals from the denial of benefits by the Insurance Board. Id.

In substance, the prior action was McGilvray's attempt to appeal an adverse agency decision to the Montgomery Circuit Court. After the Insurance Board denied him retiree-health-insurance benefits, he appealed that decision within the agency and lost. McGilvray then asked the Montgomery Circuit Court to declare that he is a retiree under the terms of the program and that he and his dependents are entitled to retiree-health-insurance benefits, thus challenging the Insurance Board's decision. Because we treat a filing "according to its substance, rather than its form or its style," Ex parte Bender Shipbuilding & Repair

_____

[3]An "organic statute" is "[a] law that establishes an administrative agency or local government." Black's Law Dictionary 1705 (11th ed. 2019).

Co., 879 So. 2d 577, 584 (Ala. 2003), McGilvray's challenge was governed by the rules set forth in the Insurance Board's organic statute. Consequently, the Montgomery Circuit Court -- where McGilvray filed the prior action -- had exclusive jurisdiction over the prior action. The decision in the prior action was therefore "rendered by a court of competent jurisdiction." Equity Res. Mgmt., Inc., 723 So. 2d at 636.

McGilvray nonetheless insists that the Montgomery Circuit Court was without jurisdiction in the prior action because, he says, the circuit court's conclusion that his complaint was time-barred divested it of jurisdiction. But the statute of limitations is an affirmative defense, not a jurisdictional bar. See Cathedral of Faith Baptist Church, Inc. v. Moulton, 343 So. 3d 500, 508 (Ala. 2021). Accordingly, whether a claim is time-barred does not implicate the jurisdiction of a court.

### 3. Substantial Identity

Moving to the third element of res judicata, McGilvray argues that, because he has now brought a claim on behalf of the State, the parties are not substantially identical. But McGilvray does not provide any authority for the proposition that he may sue on behalf of the State. And this Court has held that "[i]t is manifest that this tribunal can recognize

13

no other representative of the State than the Attorney-General," absent specific statutory authority to the contrary. Ex parte State (In re Stephenson), 113 Ala. 85, 86, 21 So. 210, 210 (1897); see, e.g., § 6-6-591, Ala. Code 1975 (authorizing quo warranto actions "in the name of the [S]tate"). Section 6-2-33(3), Ala. Code 1975 -- the statute on which McGilvray relies for his claim on behalf of the State -- is not an exception to that rule; it merely states that certain actions "brought by or on behalf of the State" have a 10-year limitations period. Because McGilvray has not presented any reasoned argument as to why he can bring this suit on behalf of the State, he cannot proceed on behalf of the State. As a result, the plaintiffs in this case and the prior action are completely identical.

### 4. Same Cause of Action

Finally, this case and the prior action involve the same cause of action. McGilvray argues that this case and the prior action are different because he has altered the wording of his complaint, added a breach-of-contract claim, and brought a claim purportedly on behalf of the State. But as noted above, McGilvray has not provided any reasoned argument in support of his claim purportedly on behalf of the State. He therefore cannot rely on that claim to introduce a different cause of action.

14

As for his other claims, the doctrine of res judicata "'"applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts."'" Greene v. Jefferson Cnty. Comm'n, 13 So. 3d 901, 913 (Ala. 2008) (quoting Old Republic Ins. Co. v. Lanier, 790 So. 2d 922, 928 (Ala. 2000)). Here, all of McGilvray's remaining claims -- to the extent they are not barred by State immunity or improperly brought on behalf of the State -- come from the same set of facts as his claims in the prior action: the termination of his employment and the Insurance Board's denial of his request for retiree-health-insurance benefits. He had the "opportunity to litigate" those claims in 2022 but did not do so. Bond v. McLaughlin, 229 So. 3d 760, 767 (Ala. 2017). McGilvray's remaining claims are therefore barred by res judicata.

## Conclusion

McGilvray has merely refiled the same lawsuit for retiree-health-insurance benefits using different labels, and the circuit court correctly dismissed it. We affirm the judgment.

AFFIRMED.

Parker, C.J., and Wise, Bryan, Stewart, and Cook, JJ., concur.

Shaw, Sellers, and Mendheim, JJ., concur in the result.