Opinion
 

 LILLIE, Acting P. J.
 

 A default judgment in the principal sum of $29,100 was entered in favor of plaintiff Charles McGaughey and against Oren Enterprises, Inc. (Oren), a licensed real estate broker, in an action based on fraudulent sale of a limited partnership interest in an apartment complex. Upon failure to discover any assets of the judgment debtor, plaintiff applied for an order of the court directing that the Real Estate Commissioner pay him from the Real Estate Fund the sum of $10,000 in partial satisfaction of the judgment. (Bus. & Prof. Code, § 10471.)
 
 [1]
 
 The
 
 *648
 
 Real Estate Commissioner filed an answer to the application and after a hearing, judgment was entered denying the application on the ground that the investment transaction between plaintiff and Oren was not such that a real estate broker’s license was required by Oren, thus one of the requisites for recovery from the Real Estate Fund was lacking. Plaintiff appeals from the judgment.
 

 On June 8, 1970, a limited partnership agreement was entered into by Oren, as the general partner, and Wilton Associates, Inc., as a limited partner. The name of the partnership was Pierce Oak Park Apartments, and its purpose was to “hold, improve, maintain, operate and lease” an 11-acre apartment complex known as Pierce Park Apartments, then owned by Pierce Park Apartments, Inc. The partnership capital was to be derived from the sale of 300 investment units, for $1,000 each, to limited partners; the $1,000 for each unit was to be paid to Oren for the partnership. The agreement further provided that available cash (cash income in excess of cash disbursements) was to be distributed quarterly to the limited partners in accordance with the number of investment units held by each. The general partner would be considered a limited partner, as well, to the extent that it contributed to capital by acquiring investment unit holdings. The agreement granted to the general partner “exclusive license to act as agent for the sale of the partnership property,” for which services it was entitled to compensation in the form of a brokerage commission of 6 percent of the gross selling price of the property.
 

 Oren was able to raise only 60 percent of the purchase price of Pierce Park Apartments through limited partnership investments. The seller agreed to accept a 40 percent interest in the partnership as both a limited and a general partner, and to give Oren until December 31, 1970, to raise the money necessary to buy out the seller’s interest. On these terms, the escrow for the partnership’s purchase of Pierce Park Apartments closed September 15, 1970. Oren took a commission of $60,000 “as an expense in the sale” of the apartments to the partnership. Oren was unable to raise the money necessary to buy out the seller’s 40 percent interest in the partnership. On March 16, 1971, Oren resigned as a general partner, leaving the seller as the remaining general partner. In that capacity, the seller assumed management of the apartments on behalf of the partnership.
 

 
 *649
 
 In October 1970, through a solicitor of investments at his place of employment, plaintiff learned of the opportunity to invest in the partnership. The solicitor introduced plaintiff to representatives of Oren who gave him a brochure outlining the advantages of investment in the partnership. The brochure included a copy of the limited partnership agreement and contained a statement that Oren would receive a $45,000 “syndication fee from the partnership in Escrow” and would be allowed to participate in any real estate commission “from the purchase or sale of the property by the partnership.” Oren’s representatives told plaintiff that he could purchase 29.1 investment units for $29,100. By “exchange and purchase agreement” between plaintiff and Oren executed October 31, 1970, plaintiff purchased a 9.7 percent limited partnership interest (consisting of 29.1 investment units) held by Oren. The consideration of $29,100 was paid in the form of a trust deed note for $23,500 (discounted to $15,000) plus $14,100 cash. Apparently, no part of the consideration was transferred by Oren to the partnership.
 

 Under Business and Professions Code section 10471, the holder of an unsatisfied judgment against a licensed real estate broker cannot recover from the Real Estate Fund unless the judgment debtor, in the transaction upon which the judgment is based, performed acts for which a license is required. (See fn. 1.) At the time of Oren’s sale of investment units to plaintiff, a real estate broker was defined as one who sells a real estate syndicate security “for another or others, for compensation or in expectation of compensation.” (Bus. & Prof. Code, § 1G131.3.)
 
 [2]
 
 The trial court made no express finding on the question whether Oren acted for itself or for the partnership in selling the investment units to plaintiff. However, the court stated as a conclusion of law that the investment transaction between plaintiff and Oren did not require a real estate license. This statement may be treated as a finding of ultimate fact. (See
 
 Estate of D'India
 
 (1976) 63 Cal.App.3d 942, 951 [134 Cal.Rptr. 165].) As such, it encompasses findings on all intermediate evidentiary facts necessary to sustain it
 
 (Division of Labor Law Enforcement
 
 v.
 
 Transpacific Transportation Co.
 
 (1977) 69 Cal.App.3d 268, 274 [137 Cal.Rptr. 855];
 
 Fries
 
 v.
 
 Anderson, Clayton & Co.
 
 (1961) 190
 
 *650
 
 Cal.App.2d 667, 681 [12 Cal.Rptr. 336]), including a finding that Oren acted for itself, not for the partnership, in selling the investment units to plaintiff. The evidence supports such finding.
 

 The investment units were created to raise capital for the partnership by their sale to limited partners. Thus, they initially were the property of the partnership (see Civ. Code, § 684) and Oren, in effecting an original sale of investment units by the partnership to a limited partner, undoubtedly would have been acting for the partnership. However, upon a sale of investment units by the partnership to a limited partner, the units ceased to be the property of the partnership and became the property of the limited partner purchasing them; they were his individual interest in the partnership, representing his share of partnership profits and surplus. (See Corp. Code, §§ 15026, 15518;
 
 Security First Nat. Bk.
 
 v.
 
 Whittaker
 
 (1966) 241 Cal.App.2d 554, 557 [50 Cal.Rptr. 652].) The limited partnership agreement provided that Oren would be considered a limited partner to the extent it acquired investment unit holdings in return for its contribution to capital. The agreement also gave each limited partner the right to sell his interest. Oren acquired 29.1 investment units, which were its interest in the partnership as a limited partner and entitled it to receive a share of the profits and surplus of the partnership. These were the units which Oren sold to plaintiff,
 
 [3]
 
 and it did so on its own behalf as a limited partner. In short, Oren sold its own property to plaintiff; it did not sell partnership property to him, and did not act for the partnership in making the sale.
 

 The trial court received in evidence the declaration of the seller of Pierce Park Apartments wherein the declarant stated: “To the best of my knowledge, which was obtained directly from reviewing the income and disbursement journals and the escrow documents for the purchase of Pierce Park Apartments, neither Oren Enterprises nor Wilton Associates, Inc. ever made any capital investments whatsoever to the project. ... It is further my understanding throughout the transaction . . . that Oren Enterprises, Inc., never intended to use any of its own funds to finance the project and that at all times was relying upon the money that could be raised by the sale of limited partnerships to their investor group.” Such evidence merely created a conflict with other evidence (the limited partnership agreement and the purchase and exchange agreement) which
 
 *651
 
 showed that Oren, by contributing to the capital of the partnership, acquired in its own right, as a limited partner, the investment units which it sold to plaintiff.
 
 [4]
 
 It must be assumed that the trial court resolved the conflict in favor of the prevailing party
 
 (Evans
 
 v.
 
 Thomason
 
 (1977) 72 Cal.App.3d 978, 982-983 [140 Cal.Rptr. 525]), and its implied finding to that effect may not be disturbed on appeal. (See
 
 Northwestern Mut. Ins. Co.
 
 v.
 
 Farmers’ Ins. Group
 
 (1978) 76 Cal.App.3d 1031, 1053 [143 Cal.Rptr. 415];
 
 Varela
 
 v.
 
 Wells Fargo Bank
 
 (1971) 15 Cal.App.3d 741, 749 [93 Cal.Rptr. 428].)
 

 Plaintiff correctly argues that because Business and Professions Code section 10471 is intended to protect the public against loss resulting from fraud of real estate brokers, the statute is remedial and therefore must be liberally construed.
 
 (Nordahl
 
 v.
 
 Department of Real Estate
 
 (1975) 48 Cal.App.3d 657, 663 [121 Cal.Rptr. 794].) However we cannot, under the guise of liberal construction, disregard the express provisions of section 10471 which authorize recovery from the Real Estate Fund only if a broker performed acts for which a real estate license is required, i.e., if he acted for another in the fraudulent transaction, The trial court impliedly found that Oren acted for itself, not for the partnership, in selling investment units to plaintiff The evidence supports that finding which, in turn, supports the judgment denying recovery from the Real Estate Fund.
 

 The judgment is affirmed.
 

 Thompson, X, and Hanson, X, concurred.
 

 A petition for a rehearing was denied July 24, 1979.
 

 [1]
 

 business and Professions Code section 10471 provides in part: “When any aggrieved person obtains a final judgment in any court of competent jurisdiction against any person or persons licensed under this part, under grounds of fraud, misrepresentation, deceit, or conversion of trust funds arising directly out of any transaction
 
 when the judgment debtor was licensed and performed acts for which a license is required under this part, . .
 
 . the aggrieved person may, upon the judgment becoming final, file a verified application in the court in which the judgment was entered for an order directing payment out of the separate account in the Real Estate Fund for education, research, and recovery purposes of the amount of actual and direct loss in such transaction up to the sum of ten thousand dollars ($10,000) of the amount unpaid upon the judgment, provided that nothing shall
 
 *648
 
 be construed to obligate such separate account for more than ten thousand dollars ($10,000) per transaction regardless of the number of persons aggrieved or parcels of real estate involved in such transaction.” (Italics added.)
 

 [2]
 

 Prior to its amendment in 1977, Business and Professions Code section 10131.3, by reference to section 10251, defined “real estate syndicate security” as an interest in a real estate syndicate, which is an organization (such as a limited partnership) owned beneficially by no more than 100 persons and formed for the sole purpose of investment in or gain from an interest in real property. In 1977 section 10251 was repealed and section 10131.3 was amended by substitution of a reference to Corporations Code section 25206, which defines a real estate syndicate security substantially as that term was defined in former Business and Professions Code section 10251.
 

 [3]
 

 The purchase and exchange agreement between plaintiff and Oren (executed October 31, 1970) states that Oren “holds a 9.7% limited partnership interest in Pierce Oak Park Apartments, a limited partnership, by agreement dated November 25, 1970 [sic], consisting of 29.1 units therein, hereinafter called ‘limited interest.’ ”
 

 [4]
 

 The court expressly found as a fact that plaintiff’s investment was made for the purpose of securing a limited partnership interest in a partnership in which Oren was a coparticipant as a general partner. Contrary to plaintiff’s contention, such finding does not establish that Oren acted in its capacity of general partner, on behalf of the partnership, in selling the limited partnership interest to plaintiff.