BRADLEY, Judge.
This is an appeal from an order directing payment from the Real Estate Recovery Fund.
On November 24, 1981 Joseph F. Bis-choff filed in the Baldwin County Circuit Court a complaint naming Robert P. Smith, Patricia H. Smith, and P & T Investments, Inc., as defendants. The complaint sets out that on August 20, 1979 plaintiff, a licensed real estate broker, entered into an employment contract with the defendants. Bischoff was hired as a sales associate of the firm. P & T Investment, as broker, promised to hold the sales commissions due plaintiff in trust for division between broker and plaintiff as provided in the agreement. According to the contract, any money Bischoff owed the firm would be deducted from his net commissions and the balance disbursed to him at closing. Plaintiff alleged in his complaint that Robert B. Smith and Patricia H. Smith, both licensed brokers, breached their contractual fiduciary duty by wilfully or negligently failing to hold the sales commissions in trust and pay him. A cause of action for work and labor done was also pleaded. Furthermore, allegations were made that defendants converted plaintiffs money to their own use. Bischoff alleged that he was owed $10,-083.53 for work and labor done.
The Smiths and P & T Investments did not respond to the complaint. A default judgment was entered in the amount of $10,083.53 plus costs. Plaintiff then, pursuant to section 34-27-31(e)(2), Code 1975, filed a verified claim against the Real Estate Recovery Fund. An application for an order directing payment was also filed.
The Real Estate Commission filed a pleading opposing the application directing payment out of the fund. In its pleading, the Commission argued that the Real Estate Recovery Fund, sections 34-27-31(c) to -31(e), Code 1975, is designed to protect the purchasers and sellers of real estate. The statute is not a vehicle for recovery of a breached employment contract. The Commission also pointed out that the allegations plaintiff made involved the time period from August 20, 1979 to September 28, 1981. The recovery fund became effective on October 1, 1979. The Commission argued that it is impossible to determine which alleged wrongs occurred within the period covered by the fund.
A hearing was held and Bischoff testified. The parties stipulated that the claim against the fund be reduced to $9,348.78. The parties also stipulated that the notice provisions of the Real Estate Recovery Fund Act were met. The Commission filed *739 a motion to dismiss, which was denied. The trial court entered an order for payment out of the fund. The Commission brings this appeal.
The Real Estate Recovery Fund provides in part, the following:
“(2) When any aggrieved person recovers a valid judgment in any court of competent jurisdiction against any broker, salesman, corporation, partnership or branch office, for any act, representation, transaction or conduct which is in violation of the provisions of this chapter or the regulations promulgated pursuant thereto, which occurred on or after October 1, 1979, the aggrieved person may, upon the termination of all proceedings, including reviews and appeals in connection with the judgment, file a verified claim in the court in which the judgment was entered and, upon 10 days written notice to the commission, may apply to the court for an order directing payment out of the real estate recovery fund of the amount unpaid upon the judgment, subject to the limitations stated in this section.
“(3) The court shall proceed upon such application in a summary manner and, upon the hearing thereof, the aggrieved person shall be required to show:
“a. He is not a spouse of debtor, or the personal representative of such spouse;
“b. He has obtained a judgment, as set out in subdivision (2) of subsection (e) of this section, stating the amount thereof and the amount owing thereon at the date of the application, and, that in such action, he had joined any and all bonding companies which issued corporate surety bonds to the judgment debtors as principals and all other necessary parties.”
§ 34-27-31(e)(2) to -31(e)(3), Code 1975.
The Real Estate Commission contends that the judgment in question is not a “judgment” for purposes of the Real Estate Recovery Fund. The Commission argues that to be such a “judgment” the wrong committed must be a violation of the real estate license law. The acts committed by the defendants, although wrong, were not violations of the real estate license law.
To support its position, the Commission relies on cases from other jurisdictions. The cases cited generally hold that the right of recovery is a statutorily created right and there must be strict compliance with the statutory provisions. Robinson v. Murphy, 96 Cal.App.3d 763, 158 Cal.Rptr. 246 (1979); Torres v. Texas Real Estate Commission, 605 S.W.2d 394 (Tex.Civ.App.1980). The statute only authorizes recovery from the fund when a broker performs acts for which a real estate license is required. McGaughey v. Fox, 94 Cal.App.3d 645, 156 Cal.Rptr. 593 (1979). Further argument is made that the Alabama statute requires some brokerage or representative real estate transaction to be the basis of a recovery. The injury suffered by plaintiff is not the type of injury contemplated by the legislature in setting up the Real Estate Recovery Fund.
It is possible as suggested by the Commission that our legislature wanted to limit recovery from the fund to an aggrieved person other than a licensee who obtains a judgment against a licensee for wrongful acts committed in a transaction for which a license is required. However, the legislature failed to express such an intent in the language of the statute. It is this court’s duty to ascertain and give effect to legislative intent as expressed from the words of the statute. Winstead v. State, 375 So.2d 1207 (Ala.Civ.App.), cert. denied, 375 So.2d 1209 (Ala.1979). The broad language of the statute does not limit recovery under the statute to wrongful acts committed in a transaction requiring a license. Therefore, our statute differs greatly from the real estate recovery fund schemes of the jurisdictions the Commission relied on in brief. All these states’ statutes specifically provide that the act must be one for which a license is required. See Cal. [Bus. & Prof.] Code § 10471 (West 1964); Colo.Rev.Stat. § 12-61-302 (1973); Tex.Rev.Civ.Stat.Ann. art. 6573a(8) (Vernon 1968).
*740 Our statute provides for a fund “from which any person ... aggrieved by an act, representation, transaction or conduct of a duly licensed broker, salesman, corporation, partnership or branch office, which is in violation of the provisions of this chapter or the regulations promulgated pursuant thereto, may recover.” § 34-27-31(c), Code 1975. The violations of the provisions of this chapter include failing to account or remit money belonging to others. § 34-27-36(a)(6), Code 1975. The trial court correctly concluded, as the statute reads, that plaintiff could recover under the fund. If the legislature intended otherwise, it is a matter to be taken up by amendment rather than construction. This case is due to be affirmed.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., dissents.