795 So.2d 648 (1999)
STATE of Alabama HOME BUILDERS LICENSURE BOARD and its Recovery Fund
v.
Donna S. BRADFORD.
2980424.
Court of Civil Appeals of Alabama.
July 23, 1999.
Rehearing Denied September 3, 1999.
*649 Bill Pryor, atty. gen.; Kathy S. LeCroix, deputy atty. gen.; and Kathy Perry Brasfield, asst. atty. gen., for appellant.
Richard D. Shinbaum of Shinbaum, Abell, McLeod & Vann, P.C., Montgomery, for appellee.
THOMPSON, Judge.
The State of Alabama Home Builders Licensure Board ("the board") and its Recovery Fund ("the fund") appeal a judgment of the circuit court ordering it to pay $50,000 to Donna Bradford. We reverse and remand.
On June 8, 1998, the board received notice from Bradford's counsel that Bradford had filed an action that might result in liability to the fund. Included with the notice was a copy of Bradford's complaint, which had been filed over fourteen months earlier, on March 31, 1997. The complaint stated a claim alleging fraud and a claim alleging breach of contract, both with respect to residential construction that had been performed on Bradford's property.
Ultimately the claims were mediated and, as a result, on August 24, 1998, a judgment in the amount of $60,000 was entered against the defendant builder. On that same date, Bradford filed a verified claim against the fund for the entire amount of the judgment. Also on August 24, 1998, the circuit judge entered an order directing the board to show cause, in writing, why the court should not enter an order directing the fund to pay Bradford the amount of the judgment. On September 25, 1998, the board filed a response to the order to show cause, setting forth its objections to paying the amount of the judgment. On November 10, 1998, the court conducted a hearing on the board's response to Bradford's verified claim. The trial court entered a judgment on December 8, 1998, ordering the fund to pay $50,000 to Bradford.
The board appealed. It contends, among other things, that payment from the fund was precluded by Bradford's failure *650 to notify it by certified mail when she filed the action, pursuant to the terms of Ala.Code 1975, § 34-14A-15. It is undisputed that Bradford gave notice to the fund in a letter dated June 4, 1998, and that the original complaint had been filed on March 31, 1997. When the trial court applies the law to undisputed facts, no presumption of correctness attaches to its ruling. Lynn v. Dodge, 727 So.2d 89 (Ala. Civ.App.1997).
Ala.Code 1975, § 34-14A-15, provides in pertinent part:
"When a complaint is filed which may result in liability for the recovery fund, the complainant shall notify the board in writing, by certified mail, when the action is commenced.
"When the notice is received, the board may enter an appearance, file pleadings and appear at court hearings, defend or take action it deems appropriate either on the behalf and in the name of the defendant or in its own name. The board may seek any appropriate method of judicial review. The board may settle or compromise the claim. Any expenses incurred by the board in defending, satisfying, or settling any claim shall be paid from the recovery fund."
The notice provision of § 34-14A-15 has never been addressed by an Alabama court; however, the Illinois Appellate court has dealt with an analogous Illinois statute governing a "Real Estate Recovery Fund," Ill.Rev.Stat.1981, ch. 111, par. 5723. That Illinois statute provided that when any person was aggrieved as a result of the conduct of a real-estate agent and brought an action "for a judgment which might result in collection from the Real Estate Recovery Fund, the aggrieved person was to notify the [Illinois Department of Registration and Education] in writing to this effect at the time of the commencement of such action." Ill.Rev.Stat.1981, ch. 111, par. 5718(a). The Appellate Court held that a claimant who had failed to provide the notice required by this statute was precluded from recovering against the fund. Toufexis v. Hughes, 137 Ill.App.3d 882, 885, 92 Ill.Dec. 758, 485 N.E.2d 569, 570-71 (1985). In concluding that the failure to give the required notice barred a recovery from the fund, the Illinois Appellate Court reasoned as follows:
"This finding is not only based upon a strict construction of the statute but is also evident by the legislative intent. Section 8.6 authorizes the Department, upon receiving notice, to take certain specified actions in the trial court `on behalf and in the name of the defendant.' It follows then that since the Act allows the Department to intervene, the written notice requirement of the underlying suit to the Department is an essential first step. In addition, by placing the word `shall' [in the notice requirement] it further evidences the legislature's intent that the Department be given notice at the onset. Additionally, whether the Department exercises its right to intervene or whether it intervenes unsuccessfully in defense of the original action, it is clear that by particularizing the requirement that the Department be notified of the pendency of the principal action, the legislature intended that the original action have some binding effect upon the Fund. Therefore, in light of the fact that the plaintiff's underlying lawsuit against the real estate broker is a prerequisite to securing a recovery from the Fund and that the Department is bound by the results of that lawsuit, whether it intervened or not, the statute mandates that the Department receive written notice of the initiation of that action."
Toufexis, 137 Ill.App.3d at 886, 92 Ill.Dec. 758, 485 N.E.2d at 571.
*651 An Alabama court construing a statute applies this well established rule:
"Words used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp. v. Systems Engineering Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). It is this court's duty to ascertain and give effect to legislative intent as it is expressed in the words of the statute. Alabama Real Estate Comm'n v. Bischoff, 447 So.2d 737 (Ala.Civ.App.1983).
The legislature used the word "shall" in the notice provision of § 34-14A-15. Our supreme court has held that the word "shall," when used in a statute, is mandatory. State of Alabama Department of Transportation v. McLelland, 639 So.2d 1370 (Ala.1994). Moreover, the statutory scheme of § 34-14A-15 is closely analogous to the scheme of the Illinois Real Estate Recovery Fund Statute in that it allows the board to intervene in the underlying action, either on behalf of the defendant licensee or on its own behalf. As the Illinois Appellate Court reasoned in Toufexis, we infer from our review of all the terms and provisions of § 34-14A-15, considered in relation to the subject of the legislation, that the legislature intended that the statutory notice to the board of the initiation of the suit be mandatory. We reason as the court reasoned in Toufexis: Because Bradford's underlying action against the licensee is a prerequisite to obtaining a recovery from the fund, the board is bound by the results of that action, whether or not it elected to intervene; it follows, then, that the notice to be given the board at the commencement of the action is an essential initial requirement one must meet in order to secure a recovery from the fund.
Bradford argues that her failure to notify the board at the commencement of the action should be excused, because, she says, she was unaware of the licensure status of the defendant builder when she filed the action. She claims that she notified the board as soon as she discovered that the defendant builder had been licensed when the cause of action arose. We note that the statute makes no express provision for tolling the time allowed for giving notice until the time the plaintiff learns whether the defendant is licensed; and, given that we are bound to give effect to the plain words of § 35-14A-15, we decline to interpret it to allow for such a tolling. Further, the evidence in the record does not support Bradford's claim that she promptly notified the board once she discovered the licensure status of the defendant builder. On December 17, 1997, Bradford filed responses to requests for admissions and responses to requests for production, and on that date also filed a motion to stipulate; those responses and that motion contain the number of the defendant's license issued by the Home Builders Licensure Board and state that the license was current and in effect at the time of the incidents that form the basis for the complaint. Bradford did not provide the board notice of the action until she sent her letter dated June 4, 1998, which was received on June 8, 1998. Therefore, Bradford did not notify the board until almost six months after she had discovered the licensure information in pretrial discovery.
The board also argues that the trial court should have limited Bradford's recovery from the fund to $25,000, pursuant to an amendment to § 34-14A-15 that became *652 effective on May 1, 1997, after Bradford's complaint was filed. In addition, it claims that Bradford's failure to provide it with 30-days' written notice of her intent to move for an order directing payment from the recovery fund was fatal to her claim against the fund. Because we conclude that the trial court erred in directing the fund to pay the judgment, we need not address these other arguments.
We hold that Bradford waived her right to recover from the fund, by failing to satisfy the statutory notice requirement. Therefore, we reverse the judgment of the trial court and remand the case for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.