Filed 10/22/25  Guardian Piazza D'Oro v. Ozaeta CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| GUARDIAN PIAZZA D'ORO LLC, | D085374 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2024-00021317-CU-UD-CTL) |
| WARD OZAETA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Ward Ozaeto, in pro. per., for Defendant and Appellant.

Todd A. Brisco & Associates and Todd A. Brisco, Allison K. Higley and Veronica R. Guzman for Plaintiff and Respondent.

Defendant and appellant Ward Ozaeta and plaintiff and respondent Guardian Piazza D'Oro, LLC (Guardian) underwent an unlawful detainer bench trial after Guardian sued Ozaeta for past due rent and other damages. The court awarded Guardian possession of the premises and entered judgment in its favor.  Ozaeta, a self-represented litigant, thereafter unsuccessfully moved to vacate the judgment in part based on his asserted

mistake, inadvertence or excusable neglect. Ozaeta contends that (1) the trial court erroneously assumed Guardian did not receive proper or timely notice of his motion to vacate the judgment; (2) his failure to submit evidence before trial based on his misunderstanding of trial procedures was inadvertent and excusable, warranting relief under Code of Civil Procedure section 473, subdivision (b); (3) the court "fail[ed] to substantively evaluate significant defenses" he presented at trial or on his motion and "summarily dismissed critical evidence," violating his right to due process; and (4) the court improperly awarded holdover damages along with unpaid rent, an impermissible double recovery, thereby abusing its discretion. We affirm, in part because the absence of an adequate record is fatal to Ozaeta's claims and requires that the appeal be resolved against him. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

FACTUAL AND PROCEDURAL BACKGROUND

In May 2024, Guardian sued Ozaeta for unlawful detainer seeking unpaid rent from April 2022 through March 2023. The matter was eventually set for a bench trial in October 2024.[1] Guardian submitted a trial brief and presented several witnesses. The parties used a joint exhibit list. Ozaeta, who appeared remotely, did not submit a trial brief.[2] The trial went

---

[1] The case actually first went to trial in August 2024. Ozaeta did not appear, and the court entered judgment in Guardian's favor. Ozaeta later successfully moved to set aside the judgment based on his mistake, inadvertence and excusable neglect as he believed the trial was set 30 minutes later than its actual time.

[2] Ozaeta's appellant's appendix includes a trial brief on his behalf, but it is preceded by a notation that it was "*not considered [or] accepted by [the] court.*" The register of actions does not show Ozaeta filed a trial brief.

unreported. Thereafter, the court entered a $91,920 judgment in Guardian's favor, consisting of $35,772 in past due rent, $54,648 in "holdover" damages (calculated at $99.36 in daily rental value multiplied by 550 holdover days, from April 1, 2023, to October 2, 2024), $750 in prejudgment costs and $750 in attorney fees. Ozaeta did not request a statement of decision.

Ozaeta moved to vacate the judgment and to restore possession of the premises. He argued the court entered its judgment because of his own mistake, inadvertence and excusable neglect, claiming that while he was present at trial, he did not submit necessary arguments or evidence on "critical defenses" such as habitability violations, waiver of rent enforcement, and defects in the notice to pay rent or quit. He argued he was denied a full and fair opportunity to present meritorious defenses, and the court did not give him statutory protections under Code of Civil Procedure section 1174.2 and the Servicemembers Civil Relief Act (50 U.S.C. § 3901 et seq.). Ozaeta asked the court to use its inherent and equitable powers to vacate the judgment.

The court heard Ozaeta's motion to vacate on October 25, 2024. Guardian did not appear, and did not oppose Ozaeta's motion. The hearing on that motion was also unreported. The court denied the motion. It found it did not appear Ozaeta had timely served Guardian under Code of Civil Procedure section 1005, subdivision (b). The court also ruled the motion lacked substantive merit, citing case law stating that self-represented litigants who claimed a mistake in assuming they could competently represent themselves did not constitute mistake or excusable neglect to justify setting aside the judgment. It observed Ozaeta had submitted a declaration stating that during the trial he "did not submit the necessary arguments or evidence regarding critical defenses" but the court found

3

nothing indicating the reason why he did not present these arguments or evidence. The court ruled: "This appears to be a situation where [Ozaeta] mistakenly believed he could competently represent himself at trial. This is not a situation giving rise to relief from the judgment."

Ozaeta filed this appeal.

## DISCUSSION

### I. *Appellate Principles*

In reviewing a judgment on appeal, this court applies a fundamental principle that the judgment is presumed correct, and it is the appellant's burden to affirmatively show error. (*Jameson v. Desta*, *supra*, 5 Cal.5th at pp. 608-609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, 566; *65283 Two Bunch Palms Building LLC v. Coastal Harvest II, LLC* (2023) 91 Cal.App.5th 162, 168.) " ' "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." ' " (*Allos v. Poway Unified School Dist.* (2025) 112 Cal.App.5th 822, 832.) In meeting his or her burden, the appellant must provide an adequate record. (*Jameson*, at p. 609.) " 'We cannot presume error from an incomplete record.' " (*Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468.)

Appellants typically provide a reporter's transcript of oral proceedings on appeal, but if they do not or cannot, they may submit an agreed or settled statement. (Cal. Rules of Court, rules 8.134 & 8.137; see *Leslie v. Roe* (1974) 41 Cal.App.3d 104.) While these items "may not be necessary if the appeal involves legal issues requiring de novo review," when a case involves review for substantial evidence or abuse of discretion, "a reporter's transcript or an agreed or settled statement of the proceedings will be indispensable." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.) The

4

appellant bears the burden to provide such a record if he or she " ' "intends to raise any issue that requires consideration of the oral proceedings in the superior court . . . ." ' " (*Ibid.*; *Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1034, fn. 5, citing Cal. Rules of Court, rule 8.120(b).) These "rules apply to a party appearing in propria persona as to any other party." (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

II. *Claim Concerning Timely Notice of Ozaeta's Motion to Vacate Judgment*

Ozaeta contends the trial court erroneously assumed that Guardian's counsel did not receive proper notice of his motion to set aside the judgment. He maintains the record shows "documented" and "conclusive" proof that Guardian was served, including evidence that its counsel "explicitly acknowledged receipt of the motion documents" 19 days before the scheduled hearing and also received personal telephone notice 21 days before the scheduled hearing. Ozaeta argues there is "no room for ambiguity or confusion about proper notice."

We do not reach the argument. In addition to questioning whether Guardian was timely served,[3] the trial court ruled the motion lacked substantive merit. As we explain, Ozaeta does not demonstrate error on that point, which we turn to next.

---

[3] In reciting the background facts, Ozaeta asserts that the court in denying his motion "commented that [Guardian] likely did not oppose or appear for the hearing because they did not receive the notice." The court's minute order for the motion does not "illuminate the factual and legal predicate for the . . . order[ ]" (*Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1229) on this point. That the court's "written rulings . . . are quite succinct . . . is further indication that a reliable record of what transpired at the hearings is indispensable for our review." (*Ibid.*) We have no basis to question the trial court's finding on this point, and presume it is correct.

III. *Claim of Excusable Neglect Warranting Code of Civil Procedure Section 473 Relief*

Code of Civil Procedure section 473, subdivision (b) provides in part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." " 'It is clearly established that "[a] motion for relief under [Code of Civil Procedure] section 473 is addressed to the sound discretion of the trial court and an appellate court will not interfere unless there is a clear showing of abuse." ' " (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1266 (*Burnete*), quoting *Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1180.)

Ozaeta contends his "procedural oversight at trial—failing to submit evidence prior to [t]rial and due to [his] remote appearance—was inadvertent and excusable, warranting relief under [Code of Civil Procedure section] 473[, subdivision] (b)." He asserts he was "unaware of procedural consequences, received no judicial guidance, and showed no deliberate disregard." Ozaeta argues "[i]t is a critical component of procedural fairness that courts provide clear procedural guidance, especially for self-represented litigants" but maintains the court "provided no notice or explanation that failure to formally submit evidence during remote appearance would result in exclusion of defenses and objections." He seeks to distinguish the cases relied upon by the trial court, *Burnete, supra*, 148 Cal.App.4th 1262, as involving a self-represented litigant who consciously assumed the risk of representing himself and demonstrated deliberate disregard of procedural requirements and consequences, of which he was "fully aware," and *Hopkins & Carley v.*

6

*Gens* (2011) 200 Cal.App.4th 1401 as involving an out-of-state attorney with procedural knowledge who failed to act prudently in representing himself.

Ozaeta's contentions are unavailing for several reasons.  First, he has not provided a reporter's transcript or settled statement of the hearing, preventing us from fully assessing the trial court's reasoning.  Given that we review the court's decision for abuse of discretion, that record is "indispensable." (*Southern California Gas Co. v. Flannery, supra*, 5 Cal.App.5th at p. 483.)  Further, Ozaeta's point about courts having to give "clear procedural guidance" or explanation to litigants is unsupported by authority, so we disregard it.  (*Allos v. Poway Unified School Dist., supra*, 112 Cal.App.5th at pp. 832-833 [" ' "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority" ' "].)  Setting these deficiencies aside, we reject Ozaeta's contentions on the merits.

*Burnete* is analogous.  It made clear that when a party is self-represented, that fact taken alone is not a basis for relief under Code of Civil Procedure section 473.  (*Burnete, supra*, 148 Cal.App.4th at p. 1270.)  " 'A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts and would be unfair to the other parties to litigation.' " (*Ibid.*)  A litigant who represents him or herself is not entitled to more leniency with respect to adherence to legal requirements.  (*Id.* at p. 1267; see also *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.)  The self-represented litigant in *Burnete*, due to his lack of understanding of the law and inexperience, was unable to present an expert or get photographs or medical records into evidence. (*Burnete*, at p. 1267.)  He claimed he was confused and unable to recall events due to medication and communicated poorly because English was not his native language. (*Ibid.*)  But that litigant, as Ozaeta did here,

7

"had his day in court" (*id*. at p. 1268) and was not entitled to special consideration due to his decision to represent himself. (*Id*. at p. 1267 [" ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney" ' "].) The court thus denied his motion to set aside the judgment against him based on mistake or excusable neglect. (*Id*. at pp. 1267-1268.)[4]

The *Burnete* court further held the trial court did not err in declining to grant the litigant equitable relief from the judgment. (*Burnete, supra*, 148 Cal.App.4th at pp. 1268-1269.) It found the conclusion supported by *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, a case also relied upon by Ozaeta. The self-represented litigants in *Rappleyea* had received misinformation from a court clerk, and also from their own counsel, resulting in an over $200,000 default judgment against them. (*Burnete,* at p. 1269; *Rappleyea,* at pp. 978-979.) Under those circumstances involving " 'rare events,' " the court " 'narrowly' " held the litigants were entitled to equitable relief. (*Burnete,* at pp. 1269-1270; *Rappleyea,* at pp. 984-985.) It "ma[d]e clear that mere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and

---

[4]    Ozaeta's contention is like that of the litigant in *Burnete, supra*, 148 Cal.App.4th 1262. He says that "[d]ue to his unfamiliarity with the precise procedural requirements of submitting evidence, [he] inadvertently failed to formally present evidence supporting critical defenses." He maintains the "oversight was not intentional or willful" but "resulted entirely from [his] misunderstanding of trial procedures." Ozaeta complains that the trial court did not provide guidance or inform him "of the severe consequences of not formally submitting evidence" and thus he "was genuinely unaware that his procedural misstep would completely preclude the consideration of the substantial defenses to the case."

those who forgo attorney representation." (*Rappleyea,* at pp. 984-985.) Ozaeta's motion presented no such unique circumstances.

### IV. *Claim of Due Process Violation*

Ozaeta's claim of a due process violation is premised on the trial court's asserted failures to consider defenses he assertedly presented at trial and in his motion to vacate the judgment, and its decision to "summarily" dismiss his evidence. These contentions, however, require consideration of the record of oral proceedings. Absent them, the arguments fail for the lack of an adequate record and application of the presumption of correctness. (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644 ["Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm"]; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 576 ["In the absence of a proper record, which would include either a reporter's transcript or settled statement (neither of which we have in this case), we must presume the trial court acted properly"]; *In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [absent a reporter's transcript, "it is presumed that the unreported trial testimony would demonstrate the absence of error"].)

### V. *Claim of Duplicative Damages*

Ozaeta finally contends the trial court "improperly awarded [Guardian] holdover damages alongside unpaid rent," giving it an impermissible double recovery. He argues under a case titled *Bledsoe v. Jackman*, Guardian's unlawful detainer action was an election of remedies such that it forfeited its right to holdover damages by its pursuit of unpaid rent. According to Ozaeta, *Superior Motels, Inc. v. Rinn Motor Hotels, Inc.* (1987) 195 Cal.App.3d 1032 (*Superior Motels*) holds that holdover damages generally require proceedings

9

separate from the unlawful detainer action, and *Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078 (*Emerald Bay*) prohibits double recovery for the same harm. He further argues Guardian failed to mitigate its damages as required by Civil Code section 1951.2, subdivision (c)(1). He argues the "judgment awarding holdover damages must be reversed or vacated to prevent unjust enrichment. . . ."

We are unable to locate the *Bledsoe v. Jackman* case at the reported citation Ozaeta provides.[5] Otherwise, Ozaeta does not discuss *Superior Motels, supra,* 195 Cal.App.3d 1032 or *Emerald Bay, supra,* 130 Cal.App.4th 1078 in any depth or give pinpoint citations for the propositions he says they stand for. Apart from citing them, he does not present reasoned legal argument to support his assertions. We are not required to develop parties' arguments for them on appeal. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.) Ozaeta's failure to provide reasoned legal argument forfeits the argument on appeal. (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418; *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["[w]hen an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary"].)

We have reviewed the authorities in any event. *Emerald Bay, supra,* 130 Cal.App.4th 1078 involved a plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims against its insurer for failing to investigate, provide a defense and denying coverage. (*Id.* at

---

5    The reporter citation, 94 Cal.App.2d 650, pulls up *Goldring v. Goldring* (1949) 94 Cal.App.2d 643, a marriage case involving a petition to modify support. (*Id.* at p. 644.) We caution that litigants should not delegate briefing to artificial intelligence tools.

pp. 1082, 1084.)  The trial court granted judgment in the defendant's favor following a bench trial on standing and a coverage issue, ruling the plaintiff " 'ha[d] no supportable damages in this dispute.' " (*Id*. at p. 1085.)  On appeal, the plaintiff argued (among other things) that it had sustained compensable financial damages on its breach of contract and covenant claims, but the appellate court disagreed, pointing out the defendant had paid a portion of the plaintiff's legal expenses, and an excess insurer paid the balance of those expenses plus the settlement in an underlying action.  (*Id*. at p. 1089.)  Thus, the "plaintiff cannot show it suffered any contract damages." (*Ibid*.; see also *id*. at p. 1092.)  *Emerald Bay* does not stand for the duplicative damages proposition advanced by Ozaeta, and more generally, it has no relevance to this unlawful detainer action.

Superior Motels, supra*, 195 Cal.App.3d 1032 did concern an unlawful detainer and the propriety of a monetary damages award.  But the facts and circumstances of the case are complex (*id*. at p. 1041) and "highly unusual" (*id*. at p. 1070).  The lengthy decision and absence of pinpoint citations makes it difficult to assess Ozaeta's assertion about its holding.  In *Superior Motels*, due to an extended stay of proceedings, the defendant remained in possession of commercial premises, prompting the trial court to award damages for the premises' rental value while the stay was in effect.  (*Id*. at pp. 1067-1068.)  In making this award, the lower court stated:  " 'Under equitable principles, plaintiff is entitled to the after tax net operating profits received by . . . defendants in possession of the subject premises from November 24, 1975 to the date possession . . . is in fact delivered to plaintiff as compensation for the loss incurred because of the failure to receive possession of said premises.' " (*Id*. at p. 1068.)

11

On appeal, the defendants contended that the award of after tax net operating profits exceeded the legally permissible unlawful detainer recovery; and more specifically that the court erred by "(1) awarding net profits as the equivalent of the property's fair rental value; (2) enhancing the award with prejudgment interest; and, (3) extending the award of net profits beyond entry of the judgment until the date possession was surrendered." (*Superior Motels, Inc.*, *supra*, 195 Cal.App.3d at p. 1069.) The appellate court agreed. It pointed out that unlawful detainer is a statutory proceeding governed by statutory requirements that must be strictly followed, including as to the mode and measure of damages. (*Id.* at pp. 1070-1071.) "Collateral matters are excluded [citation], particularly those seeking damages for breaches of lease provisions. 'It is well settled that damages allowed in unlawful detainer proceedings are only those which *result from* the unlawful detention and accrue during that time. [Citation.] Although a lessee guilty of unlawful detention may have also breached the terms of the lease contract, damages resulting therefrom are not necessarily damages resulting from the unlawful detention. As such, [a lessor] is precluded from litigating a cause of action for these breaches in unlawful detainer proceedings.' " (*Id.* at p. 1070.) Thus, the *Superior Motels* court held that the trial court erred by equating " 'rents, issues and profits' " with the property's reasonable rental value, particularly where the parties did not introduce evidence concerning the property's rental value. (*Id.* at pp. 1069, 1071-1072.) It held that the court's order for future damages "beyond the date of the judgment until such time as [defendants] return possession of the premises" was not permitted in unlawful detainer actions. (*Id.* at p. 1073; see also *Hudec v. Robertson* (1989) 210 Cal.App.3d 1156, 1163.)

12

We see nothing in *Superior Motels, supra*, 195 Cal.App.3d 1032 that supports Ozaeta's proposition that an unlawful detainer plaintiff must commence a separate proceeding to obtain holdover damages. To the contrary, "[i]t is well established that losses sustained after termination of a tenancy may be recovered, and that 'damages awarded . . . in an unlawful detainer action for withholding possession of the property are not "rent" but are in fact damages.' [Citation.] Thus, a landlord is entitled to recover as damages the reasonable value of the use of the premises during the time of the unlawful detainer either on a tort theory or a theory of implied-in-law contract." (*Adler v. Elphick* (1986) 184 Cal.App.3d 642, 649.) The record here indicates the court's award of holdover damages, based on the daily rental value and the number of days Ozaeta was in possession *up to the day of trial and judgment*, was not the same as the future damages awarded in *Superior Motels*. Ozaeta has not demonstrated the court's award of holdover damages in Guardian's unlawful detainer action was improper.

As for Ozaeta's claim that Guardian failed to mitigate its damages, that turns on the evidence at trial. (*Powerhouse Motorsports Group, Inc. v. Yamaha Motor Corp. U.S.A.* (2013) 221 Cal.App.4th 867, 884 ["Whether a plaintiff acted reasonably to mitigate damages . . . is a factual matter to be determined by the trier of fact"].) It was Ozaeta's burden to prove Guardian failed to mitigate its damages. (*Ibid*.) Thus, it was the trial court's prerogative to assess the reasonableness of Guardian's damages and efforts to mitigate them, assuming Guardian had an obligation to do so. The absence of oral proceedings is fatal to that claim.

DISPOSITION

The judgment is affirmed.  Guardian shall recover its costs on appeal.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.